310          NEW-YORK PRACTICE REPORTS.

Crittenden agt. Adams and Crittenden impleaded with Rooks.

## SUPREME COURT.

CRITTENDEN agt. ADAMS and CRITTENDEN impleaded with ROOKS.

The time of service of notice of appeal under § 327, upon the *clerk*, when made by mail, does not date from the time of depositing in the post office.

Where such notice was served on the clerk and the attorney on the last day for bringing the appeal, by depositing in the post office, and was not received by either until two days after the time for appealing had expired. *Held*, that the appeal was not taken in time. The service was good upon the attorney (§ 408), but bad upon the clerk.

Under § 173 of the Code, the *court* have power to authorize an appeal, taken after the expiration of the time limited by the Code (§ 332 and 348), to be considered good and valid.

*Madison Special Term, October* 1850.

L. KINGSLEY, *for Plaintiff*.

H. & A. L. BALLARD, *for Defendants*.

MASON, Justice.—I am satisfied, after a careful examination of this case, that the plaintiff has not met the requirements of section 327 of the Code in serving his notice of appeal. On the last day of serving his notice of appeal the plaintiff's attorney served it by depositing two written notices of appeal in the post office at the place of residence of plaintiff's attorney, some 16 miles from the clerk's office and the residence of defendants' attorneys. One of the notices was addressed to the defendants' attorneys and the other to the county clerk, and the postage thereon paid on both letters. This was on the 31st day of July last and the notice was not received by the clerk until the second day of August, two days after the right to appeal had expired, and the defendant's attorneys received their notice of appeal on the same day. The 327th section of the Code provides that the appeal must be made by the service of a notice in writing on the adverse party and on the clerk with whom the judgment or order appealed from is entered, stating the appeal therefrom, or some specified part thereof; and the 332d and 348th sections of the Code require the appeal

to be taken within thirty days after written notice of the judgment. The appeal, therefore, in this case was not taken in time unless we hold that the depositing of the notices of appeal on the last day in the post office, properly addressed to the defendant's attorneys and the clerk is to be deemed a service both upon the attorneys and the clerk. This, it seems to me, we can not do. This service upon the attorneys was good by mail, but the service upon the clerk was not good by depositing the same in the post office, properly addressed and paying the postage. The 408th section of the Code provides that notices and other papers may be served on the *party* or *attorney* in the manner prescribed in the next three sections when not otherwise provided by this act, and one of these three sections is section 410, which allows service by mail, where the person making the service and the person on whom it is to be made reside in different places, between which there is a regular communication by mail. This is the only service by mail for which the code provides; and, as we have already seen, does not extend to the case of a service required to be made upon the clerk of the court. It follows therefore that this notice of appeal came too late, for the thirty days expired on the thirty-first day of July, and the clerk did not actually receive the notice until the 2d day of August, which was two days too late. On the second day of August the clerk received the notice, also the undertaking required by the Code on appeal, and on that day both the undertaking and the notice of appeal were filed by the clerk, and he has since made the return required by the 328th section of the Code. The plaintiff apprehending that this appeal might be considered irregular if not entirely invalid, seeks by this motion an amendment of his proceedings on this appeal, or an order allowing the said appeal to be considered good and valid. The 173d section of the Code is relied on as authorizing this court to allow an appeal to be taken after the thirty days have elapsed. The part of the section relied on reads as follows: " The court may likewise, in its discretion, allow an answer or reply to be made, *or other act to be done*, after the time limited by this act, or by an order enlarge such time;

and may also within one year after notice thereof relieve a party from a judgment order or other proceeding taken against him, through his mistake, inadvertence, surprise or excusable neglect, and may supply an omission in any proceeding; and whenever any proceeding taken by a party fails to conform in any respect to the provisions of this act, the court shall have power to permit an amendment of such proceeding so as to make it conformable to law." I am of opinion that this section is broad enough to embrace the case under consideration, and to authorize the court to allow the amendment asked for, or to grant an order that the said appeal be allowed to stand and be considered good and valid. The language of the statute is, " the court may in its discretion allow an answer or reply to be made, *or other act to be done after the time limited by this act.*" It should be borne in mind that this section 173 of the amended code of 1848 is new, and although a substitute for section 149 of the Code of 1848, that its language is much broader and more comprehensive, and the amendment I have no doubt was suggested by the difficulties arising under the Code of 1848 in similar cases, as will appear by a reference to the case of Schermerhorn vs. The Mayor of New York (3 *How. Pr. R.* 254–258), and also the case of Burch vs. Newbury (3 *How. Pr. R.* 271–276), in the latter of which cases it is generally understood that one of the commissioners of the code felt himself much aggrieved because a rehearing could not be allowed his client under the Code of 1848, when he had served his notice of rehearing after the time limited by the statute had expired, and which perhaps may have been the cause of the amendment as found in section 173 of the Code. The defendant's counsel in this case relies upon the two cases last cited, and also upon the cases of Gay vs. Gay (10 *Paige,* 375), and of Caldwell vs. The Mayor, &c. of Albany (4 *Paige,* 574), to show that the court has no power to extend the time to appeal where the time for appealing is fixed by the statute. I do not propose to find any fault with these adjudications. I regard them as a sound exposition of the law at the time they were made, and should be followed if the amended Code of 1849 had not expressly

Crittenden agt. Adams and Crittenden impleaded with Rooks.

and designedly conferred upon the courts the power which we are asked to exercise in this case. It has also been suggested that the 405th section of the Code of 1849 should be read in connection with the 173d section, and as limiting the power conferred by the latter section. I do not so regard it. The 405th section is as follows: " The time within which any proceeding in an action must be had after its commencement except the time within which an appeal must be taken, may be enlarged upon an affidavit showing the grounds therefor by a judge of the court; or if the action be in the Supreme Court by a county judge." It will be seen that this section is confined by its very language to chamber orders granted by a judge out of court, and was not intended to define or limit the powers of the court as conferred by the 173d section of the Code. I have not deemed it important to consider the questions raised on this motion in relation to the undertaking executed by the plaintiff on this appeal, as the 327th section of the Code provides that " where a party shall give in good faith notice of appeal from a judgment or order and shall omit through mistake to do any other act necessary to perfect the appeal, or to stay proceedings, the court may permit an amendment on such terms as may be just." I think therefore, for the reasons above stated, that we are authorized in granting the relief sought. The papers before us show that this appeal was taken in good faith to review a judgment of the Circuit Court, and that there is a probability of a failure of justice if this motion be denied. I therefore direct an order to be entered with the clerk of Courtland county that the proceedings on said appeal be deemed good and valid, and as effectual as if they were taken and conducted in all respects in accordance with the requirements of the Code, with the exception that the second undertaking be deemed substituted in the place of the first, and that the defendants' attorneys have ten days after notice of this order in which to except to the sureties in said undertaking if they desire so to do. The plaintiff's fees on the execution in the sheriff's hands and also ten dollars costs of opposing this motion, to be paid within ten days after the receipt of this decision; and

all proceedings on the execution in the sheriff's hands are to be stayed until the decision of the court on this appeal; and if the defendants' attorneys have not served their amendments to the bill of exceptions they are to have twenty days to prepare and serve them.