JAMES S. LIBBY and W. P. LIBBY *vs.* WILLIAM H. ADAMS.

What amounts to due diligence in serving upon an indorser notice of the dishonor of a promissory note.

APPEAL from a judgment entered at the circuit, dismissing the complaint.

*Charles E. Soule,* for the appellants.

*John H. White,* for the respondent.

*By the Court,* BONNEY, J. This action is against the defendant as indorser of three promissory notes which fell due in 1857. He denies having received notice of non-payment of any or either of the notes. By consent of parties the cause was tried before a judge at circuit without a jury, when the defendant being examined as a witness testified that he never was served with, or received notice of protest of either of the notes, and never knew they were not paid at maturity, until three or four months after the last note was due. That he had lived at his present place of residence, No. 59 East Twenty-fifth street, New York, for seventeen years, during all which time his name had been in the directory; and that he was one of the grantees of the Sixth Avenue Rail Road, and ten or twelve years before the trial attended meetings

and received notices of meetings, directed to his residence, signed by the plaintiff James S. Libby.

The evidence on the part of the plaintiff showed that when the first note fell due it was delivered to a notary in the city of New York for presentment and protest; that he applied to said plaintiff, James S. Libby, for information as to the defendant's residence, and was told that he could learn it by inquiring at the street commissioner's office, or the comptroller's office; that he went to those offices and made inquiries, but could not learn his residence, *" and so put notices into the post office with the postage paid, directed to William H. Adams, New York city;"* that the first note was presented at the maker's place of business, to a woman in charge, who then told the notary's clerk, who presented the note, that she did not know where the indorsers lived. That the same clerk presented the second note for payment to the maker, and then asked him "if the indorser was the William H. Adams who was at the corner of 11th avenue and 29th street: the maker replied that he was," and thereupon such clerk proceeded there, and found the sign William H. Adams there, and left notice of protest with the person in charge. That when the last note became due said clerk presented it to the maker, " and then proceeded to the corner of 29th street and 11th avenue to serve notice of protest upon the indorser, and found the sign of William H. Adams was painted out; and he could not learn, though he made inquiry through the building, where he had removed to; and then he put notices in the post office." It was also testified by the defendant that the corner of 11th avenue and 29th street was not, and never had been, his place of business or residence; and it appeared that in the city directory for 1856—1857 there appeared three persons of the name of William H. Adams, of whom one was the defendant, whose place of residence was there correctly given.

The judge at the circuit dismissed the complaint, on the

ground that the plaintiffs had not shown due diligence in serving notices of the dishonor of the notes.

We think the decision of the judge was erroneous as to the second of the three notes. On the presentment of that note, the maker told the person who presented it, that the William H. Adams who then had a place of business at the corner of 11th avenue and 29th street, was the indorser, and the notice was duly served on that William H. Adams. We are of opinion that under the circumstances this notice was sufficient to charge the defendant, although it was left at a wrong place and never was received by the defendant. (*See Catskill Bank* v. *Stall,* 15 *Wend.* 364; *Bank of Utica* v. *Davidson,* 5 *id.* 587; *Carroll* v. *Upton,* 2 *Sandf. S. C. R.* 171.) In relation to the other two notes we concur in opinion with the judge who tried the cause, that sufficient notice of their dishonor was not given to make the defendant liable as indorser.

The judgment must be reversed, and a new trial had; costs to abide the event of the action.

