## SUPREME COURT.

ALBERT COTES and another, two of the Executors of, &c., of BENJAMIN RATHBUN, deceased, agt. LAURA CARROLL, JANE M. RATHBUN and GEORGE L. RATHBUN, impleaded with ANDREW R. SMITH, MINERVA E. WOOD, LOUISA RATHBUN and CALVIN P. SMITH, one of the Executors, &c., appellants.

In an action brought by *executors* for the construction of the *will* of the testator, where several heirs and devisees claiming under the will are made defendants, and a decree or judgment of the court is pronounced allowing the claims of some of the defendants as against the others, the latter defendants on bringing an *appeal* from the judgment in order to effect their appeal, must not only serve their notice of appeal and other papers upon the plaintiffs, but also upon the *defendants who have established their claims* under the will, as these defendants are the "*adverse party*," within the meaning of the Code (§ 327).

Where such adverse defendants are not served with notice of appeal, &c., to effectuate the appeal as to them, but their attorney is served with copies of the case and notice of argument, on bringing the appeal to a hearing, the attorney thus served, may on motion, have the cause stricken from the calendar as respects the defendants he appears for, with costs.

The court has no power to allow an appeal to be taken after the time limited in the Code for bringing an appeal. Nor has it any power to extend the time to appeal. And section 327 of the Code only allows an *amendment*, where *notice of appeal shall have been given* in good faith, &c.; it applies to acts other than the service of notice of appeal (BALCOM, J., *dissenting*).

*Broome General Term, January*, 1865.
· *Present* PARKER, *P. J.*, BALCOM *and* MASON, *Justices.*

THIS action was commenced by the plaintiffs, two of the executors of Benjamin Rathbun, to obtain a judicial con-

struction of his will. The defendants Laura Carroll, Jane M. Rathbun and George L. Rathbun (only children of Charles Rathbun, a son of deceased), appeared by Countryman & Moak, and the defendants Andrew R. Smith, Minerva E. Wood, Calvin P. Smith and Louisa Rathbun, by D. C. Bates, Esq.

The case was tried at the Otsego special term, in July, 1861. The principal questions litigated were: 1st. Whether the defendant George L. Rathbun, under the *second* and *third* clauses of the will, on arriving at twenty-one years of age, took the accumulated rents of the Wheeler farm; and 2d. Whether the defendants Laura Carroll and Jane M. Rathbun, were entitled to the interest on the $2,000 bequeathed to each by the *third* clause, invested on interest by the plaintiffs. The defendants represented by Mr. Bates, claimed the rents and such interest went into the residuum. The court held that George L. Rathbun took the rents, and Laura Carroll and Jane M. Rathbun, were entitled to such interest. Judgment was perfected in Otsego county clerk's office accordingly, February 5th, 1864. February 27th, the four defendants who appeared by Mr. Bates, by a notice of appeal directed to the clerk and the attorney for the defendants only, appealed as against the plaintiffs. March 17th, the costs of the defendants were adjusted, and inserted in the entry of judgment. On the 13th of April, the three defendants who appeared by Countryman & Moak, served upon Mr. Bates, the attorney for the four other defendants, a copy of the judgment, with the signature of "D. A. Avery, county clerk of Otsego county," thereto, and a notice of such judgment, telling him it was done to limit the time for his clients to appeal, and that they understood the law to be that if his clients desired to affect the rights of theirs, as determined by the judgment, his clients must appeal as against theirs. He claimed he had examined the law and should not appeal as against them. No proposed case or

exceptions was ever served upon or settled as against
Countryman & Moak, nor was any notice of appeal served
upon them.   November 7th, Mr. Bates served upon Coun-
tryman & Moak what purported to be three copies case
and notice of argument thereof for November general term
at Binghamton.   They returned same, and on behalf of
their clients moved at that term to strike the cause from
the calendar.   The court intimated this must be done, and
Mr. Bates thereupon asked leave to appeal for his clients
as against those of Countryman & Moak.

D. C. BATES, *for appellants*.

J. E. DEWEY, *for plaintiffs*.

N. C. MOAK, *for defendants Laura, Jane M. and George L.*

I. If the defendants represented by Mr. Bates, desired
to affect the rights of those who appeared by Countryman
& Moak, they were obliged to appeal as against them.   It
would be strange indeed, if they were necessary parties to
the action, and yet as soon as they had established their
rights could be dropped, and their rights determined on
appeal, without any right to be heard or conduct the liti-
gation.

(*a*) The plaintiffs do not represent any of the defendants.
All they desire is a construction.   They are indifferent as
to which class of the defendants succeeds (1 *Story's Eq.
Pl.* § 362).

(*b*) The Code (§ 27, *sub*. 1) provides that "judgment
may be given for or against one or more of several plain-
tiffs, and for or against one or more of several defendants,
and it may determine the ultimate rights of the parties on
each side as between themselves."   By section 327, " an
appeal must be made by the service of a notice in writing
on the adverse party, and on the clerk with whom the
judgment or order appealed from is entered."

The precise point here involved was determined in

*Thompson* agt. *Ellsworth* (1 *Barb. Ch. Rep.* 624). That was a bill filed against the mortgagor and several others, claiming subsequent interests, to foreclose a mortgage. The mortgagor admitted all the facts in the bill, but the other defendants put the complainant to proof, and were defeated. Judgment was entered against all the defendants for the entire costs. The mortgagor claimed that the costs made ɒy the other defendants should be charged upon them only. The claim was denied, and he appealed to the chancellor, and executed a joint bond (2 *R. S.* 605, § 80) to the complainant and five of his co-defendants. The complainant moved to dismiss the appeal on the ground that the bond as to him was insufficient, and also that it should have been several. Chancellor WALWORTH says (*p.* 627): " The adverse party, within the intent and meaning of this 80th section, means the party whose interest in relation to the subject of the appeal is in conflict with the reversal of the order or decree appealed from, or the modification sought for by the appeal." Again : " Here the appeal is from the whole decree, and the complainant alone is interested in resisting the appellant's claim to have it entirely reversed " * * * (*p.*628). " On the other hand, so far as the appellant seeks for a decree over against his co-defendants for the extra costs to which he or his interest in the mortgaged premises may have been subjected by the defence set up by their several answers, the complainant has no interest in the question, and such co-defendants are alone the adverse parties to the appellant, and they only are interested in resisting the modification of the decree in that respect." The rule was well settled. (1 *Barb. Ch. Pr.* 400, 408, 425-6, 434 ; 4 *Paige*, 290 ; *Id.* 279 ; 5 *Id.* 170 ; 9 *Id.* 70, 71 ; 11 *Id.* 453 ; 2 *Barb. Ch. Rep.* 434.) Section 471 of the Code retains the former practice in such cases.

II. The copy judgment and notice having been served on Mr. Bates, April 13, 1864, the defendants for whom he

appeared had only thirty days from that time within which to appeal (*Code*, § 332). That time having expired, this court has no power to allow one to be now brought (*Code*, § 405). That such was the intention of the legislature is evident. By section 149 of the Code of 1848 (now section 173), it was provided that "the court may at any time, in furtherance of justice, and on such terms as may be proper, amend any pleading or proceeding by adding or striking out the name of any party, or a mistake in any other respect, or by inserting other allegations material to the case, or by conforming the pleading or proceedings to the facts proved, whenever the amendment shall not change substantially the cause of action or defence." Under this section no one would claim a power to allow an appeal or extend the time to bring one, and hence section 275 of the Code of that year (now section 327), simply provided that "an appeal must be made by the service of a notice in writing on the adverse party and on the clerk with whom the judgment or order appealed from is entered, stating the appeal from the judgment or some specified part thereof." Section 366 of the Code of 1848 (now section 405), read as it now does, except that time to do any act after judgment could not be extended.

In 1849 the legislature made section 149 of the Code of 1848, section 173, and amended it by adding "the court may likewise in its discretion allow an answer or reply to be made, or any other act to be done after the time limited by this act, or by an order enlarge such time," &c. This section has not since been materially amended, except that what was added in 1849 has been made a new section and numbered 174. The legislature seems to have foreseen that perhaps under the term "or any other act to be done after the time limited by this act," it might be claimed the court had power to allow an appeal after the right to it was lost, and litigation endlessly prolonged. Regarding an appeal after one hearing as a favor (5 *How.* 366; 7 *Id.* 112), to

prevent any mistake as to their intention, they added to section 327 of the Code of 1849 (section 275 of Code of 1848, *supra*), as follows : " When a party shall give in good faith, notice of appeal from a judgment or order, and shall omit through mistake to do any other act necessary to perfect the appeal (*i. e.,* to give an undertaking, &c.), or to stay proceedings, the court may permit an amendment on such terms as may be just," showing clearly that they did not intend to give the court power to allow service of a notice of appeal after the right to do so was gone. (5 *How.* 366; 16 *Id.* 338.) The whole act is to be taken together, and section 174 construed with reference to this declared intention of the law makers.

That this court has not power to allow an appeal or enlarge the time to bring one has been held in the following cases : (*Renouil* agt. *Harris,* 2 *Code Rep.* 71, *Gen. Term Superior Court ; Fry* agt. *Bennett,* 16 *How. Pr. Rep.* 385, *Gen. Term Superior Court ; De La Figanerie* agt. *Jackson,* 4 *E. D. Smith's C. P. Rep.* 477, 484 ; *Linsey* agt. *Almy,* 1 *C. R. N. S.* 139, KING, *J. Sp. T.* 1*st Dist. ; People* agt. *Eldredge,* 7 *How.* 108, BARCULO, *J. Sp. T.* 1*st Dist. ; Morris* agt. *Morange,* 26 *Id.* 247, *Gen. T.* 2*d Dist. ; Enos* agt. *Thomas,* 5 *Id.* 361, 366, *Gen. T.* 3*d. Dist. ; Salls* agt. *Butler,* 27 *Id.* 133, *Gen. T.* 4*th Dist. ; Tripp* agt. *De Bow,* 5 *Id.* 114, *Gen. T.* 7*th Dist. ; Rowell* agt. *McCormick,* 5 *Id.* 337, WELLES, *J. Sp. T.* 7*th Dist. ; Ellsworth* agt. *Fulton,* 24 *Id.* 20, WELLES, *J. Sp. T.* 7*th Dist. ; Marston* agt. *Johnson,* 13 *Id.* 93, *Gen. T.* 7*th Dist. ; Galt* agt. *Finch,* 24 *Id.* 193, *dubitatur, Gen. T.* 6*th Dist. ; Humphrey* agt. *Chamberlain,* 11 *N. Y.* [1 *Kern.*] 274 ; *Wait* agt. *Van Allen,* 22 *N. Y.* 319 ; *Wells* agt. *Danforth,* 7 *How.* 197, *Ct. Ap. ; Bank Geneva* agt. *Hotchkiss,* 5 *Id.* 478, *Ct. Ap.*) The only cases it can be be claimed hold the other way are : (*Crittenden* agt. *Adams,* 5 *How.* 310, *Sp. T.* MASON, *J.* 6*th Dist. ; Traver* agt. *Silvernail,* 2 *Code Rep.* 96, *Sp. T. dicta by* PARKER, *J. who dissented in Enos* agt. *Thomas,* 5 *How.* 361, *and made before that decision ;*

*Haase* agt. *N. Y. C. RR.* 14 *Id.* 43, MARVIN, *J. Sp. T. con-
trary to Gen. T. and all decisions in that Dist. and overruled
by Gen. T. 4th Dist.* 27 *Id.* 136; *Toll* agt. *Thomas,* 18 *Id.*
354, HARRIS, *J. Sp. T. 3d Dist. overruled by Gen. T. 4th Dist.*
27 *Id.* 136; *Seeley* agt. *Pritchard,* 3 *Duer,* 669, *expressly
overruled by same court,* 16 *Id.* 389.)

It will be seen that there are only three special term
cases holding the power exists, while the court of appeals,
superior court, court of common pleas, and the general
terms of the 2d, 3d, 4th and 7th districts, and numerous
special terms hold the contrary. There should be uni-
formity in the practice, and general term decisions should
be followed by other districts, unless they have already
held the other way. (16 *How.* 289; 7 *Abb.* 416; 29 *Barb.*
350; 39 *Id.* 633.)

In *Wait* agt. *Van Allen* (22 *N. Y.* 319); the question of
power in the court to extend time to appeal was certainly
up and decided. That case originated in justice's court.
At the term after decision, a motion was made for leave to
go to the court of appeals. The motion was not decided until
the next term, but was then granted, and finally ordered
to be entered *nunc pro tunc* as of the term when the motion
for leave was made. The fault if any, was the neglect of
the court, and yet on motion to dismiss the appeal on the
ground that the court possessed no power to thus extend
the time, the appeal was dismissed, the court holding (*p.*
321) that as soon as the time within which an appeal could
be brought had expired " the plaintiff had an absolute right
to the fruit of his recovery, of which it was not in the
power of the court to deprive him " (*see also* 16 *N. Y. Rep.*
600).

The rule is thus laid down (2 *N. Y. Pr.* 115-16) by Messrs.
Tiffany & Smith : " The notice of appeal must be given
properly and in good faith, within the time allowed by law
for appealing, or the right is lost ; the court cannot relieve
the party who has omitted this ; but where a party shall

in good faith, and within the proper time,· give notice of appeal, and shall omit through mistake to do any other act necessary to perfect the appeal or to stay proceedings, the court will permit an amendment." It was held in this district in the case of *People ex rel. Gilchrist* agt. *Field, late sheriff* (*argued July General Term*, 1856), that service of a copy of the order appealed from, certified as a copy by the clerk, without any notice whatever, or even the name of the respondent's attorney on it, set the time running within which an appeal must be brought, and that the right to appeal having once been lost, the court could not allow one, and the appeal brought after thirty days was dismissed.

III. Service of notice of appeal against the plaintiffs, on them and the clerk, was of no avail against these defendants. It was not sufficient to authorize the court to allow an appeal against them. Section 327 provides that " when a party shall give in good faith, notice of appeal from a judgment or order, and shall omit through mistake to do any other act necessary to perfect the appeal or to stay proceedings, the court may allow an amendment on such terms as may be just."

(*a*) No notice of appeal, case, exceptions undertaking or other paper relating to an appeal was served. This provision only allows an " amendment." Where nothing has been done there is nothing to amend.

(*b*) This applies to acts other than service of a notice of appeal, and then only when notice.of appeal has been actually served on the adverse party against whom the appeal · is desired, and on the clerk.

In *Tripp* agt. *DeBow* (5 *How.* 114), the notice of appeal was properly served on the clerk, and was also served on the respondent ·personally, instead of on his attorney. The court held the appellant had not· served notice of appeal as provided by the act. In *Fry* agt. *Bennett* (16 *How.* 385), the appellant duly served notice of appeal from the judgment. Held, it could not be amended so as to make it also

an appeal from an order denying a new trial. The court (*p.* 387) said, " for the purpose which the appellant has in view, two appeals were necessary, and although it may not be irregular to include both appeals in the same notice, it is authorizing an appeal where none has been taken, to allow an alteration of the notice which has been served, so as to embrace two appeals instead of one, and it can no more be done than a new and separate notice can be permitted." In *Morris* agt. *Morange* (26 *How.* 247), the notice of appeal was properly served on the adverse party and mailed to the clerk on the last day, but not received by him until four days afterwards. *Held* (*Gen. T. 2d. Dist.*), that " the notice of appeal was insufficient to give the appeal effect, and the court had no power to grant any relief to the appellant by which he could make his intended appeal effectual." So also in *Ellsworth* agt. *Fulton* (26 *How.* 23), the court says, " to give notice of appeal in order to give the court jurisdiction to allow the amendment under the section, means to make out the notice in writing and serve it on the adverse party and on the clerk." To serve it upon either and not on the other, is not giving notice of the appeal within the meaning of the section. This I think evident from what the omission is from which the court has power to relieve the party, which is to omit to do any other act necessary, &c. Other than what? Clearly than to give notice of appeal. No other interpretation is admissible. The only construction which would aid the plaintiff, would involve the following absurd reading of the section: " When a party shall give in good faith notice of appeal from a judgment or order, and shall omit through mistake to give notice of such appeal as required by this section, or to do any other act necessary," &c. The section is general, and relates to all appeals provided by the Code in civil cases, to which its provisions in whole or in part can be made to apply, and that part of it under which the plaintiff seeks relief was intended to apply to such cases

as an appeal from a judgment of the supreme court to the court of appeals, where the party appealing has served written notice upon all the proper persons, but has neglected by mistake to give the undertaking, or to make the deposit as required by section 334, without which such appeal is not available for any purpose, to a case where it is necessary to have the appeal operate as a stay of proceedings, and such an undertaking has been omitted by mistake; where the judgment appealed from directs the assignment or delivery of documents or personal property, and the party appealing has inadvertently omitted compliance with such directions, which is required by section 336 as a condition of the appeal operating as a stay of proceedings, together with all other cases where something necessary to be done besides giving the notice of appeal, has been omitted from the same cause, and which is necessary to perfect the appeal or to stay proceedings."

IV. But in this case, even if the court had the power to relieve the appellants, they are clearly not entitled to a favor.

(a) Mr. Bates did not omit to serve notice of appeal on Countryman & Moak " through mistake." He did not intend to do so. He intended to do just what was done, and nothing more. *Ignorantia juris non excusat.* Ignorance of law is one thing, omission " through mistake," to do an act, quite another. In this case he knew all the facts, and elected to take the consequences. A party is presumed, indeed, bound to know the contents of a judgment from which he appeals.

(b) The law as to the effect of the appeal he brought was well settled (*Point I, supra*).

(c) He understood perfectly well the notice was served to limit his time for bringing an appeal, and insisted he would not bring one.

(d) By allowing an appeal under such circumstances, the court would hold out a premium to claims of mistake and

other paltry excuses which can never be denied or dis-
proved, and it is difficult to conceive a case in which a
party would not be relieved.

MASON, J.   There can be no doubt, I think, that the
appeal in this case as to the defendants Laura, Jane M.
and George L., who appeared by Countryman & Moak, their
attorneys, is wholly ineffectual.   As to them there is no
appeal, as no notice of appeal was served upon them or
their attorneys.   The language of the Code is that " an
appeal must be made by the service of a notice in writing
on the adverse party, and on the clerk with whom the judg-
ment or order appealed from is entered."   The 60th section
of the statute regulating appeals from a decree of the vice-
chancellor to the chancellor, declared that an appeal from
a decree or order of the vice-chancellor should " be made '
by serving notice thereof on the solicitor of the adverse
party, and on the register, assistant register or clerk with
whom the order or decree appealed from was entered " (2
R. S. 178).   The only difference in these two statutes is
that the one says that the appeal must be made by the ser-
vice of a notice in writing on the adverse party, while the
other says that it shall be made by serving notice on the
solicitor of the adverse party.   Now it was adjudged by
the chancellor in the case of Thompson agt. Ellsworth and
others (1 Barb. Ch. Rep. 624), that the adverse party within
the intent and meaning of the statute, was the party whose
interest in relation to the subject of the appeal is in con-
flict with the reversal of the order or decree appealed from
or the modification sought by the appeal, and this it seems
to me is the only sensible construction which can be put
upon the statute, and it must control in the construction
of the 327th section of the Code.   It follows, therefore,
that there is no appeal as against Laura Carroll, Jane M.
and George L. Rathbun, in this.case.

The only remaining question is whether we can allow,

by way of amendment or otherwise, this notice to be served after the time for appealing has gone by, so as to make this appeal effective as against these three defendants. I held some fourteen years ago, in the case of *Crittenden* agt. *Adams and others* (5 *How. Pr. Rep.* 310), that this court had power under the statute to allow an appeal to be taken after the time limited in the Code. The reasons there assigned were, and are now, satisfactory to me for so holding. The language of the statute is, "the court may, in its discretion, allow an answer or reply to be made, or other act to be done after the time limited by this act." I am not, however, justified in adhering to that decision, it has been so badly shaken and repudiated by subsequent decisions in this court (2 *Code Rep.* 71; 16 *How. Rep.* 385; 7 *Id.* 108; 26 *Id.* 247; 5 *Id.* 361; 27 *Id.* 133; 5 *Id.* 114; 24 *Id.* 20; 13 *Id.* 93; 24 *Id.* 193; 7 *Id.* 197), and especially since the decisions in the court of appeals in the cases of *Humphrey* agt. *Chamberlain* (1 *Kern. Rep.* 274), and *Wait* agt. *Van Allen* (22 *N. Y. Rep.* 319). These cases certainly hold that the time to appeal cannot be extended.

There being no appeal against these three defendants, I do not see how these appellants can be helped out of their difficulty under section 327. That section provides that "when a party shall give in good faith notice of appeal from a judgment or order, and shall omit through mistake to do any other act necessary to perfect the appeal or to stay proceedings, the court may allow an amendment on such terms as may be just." This section has no application, for no notice of appeal has been given as regards these three defendants, and by this section the court can only allow an amendment where a notice of appeal shall have been given in good faith, and the party shall, through mistake, have omitted to do some other act than giving the notice of appeal, which was necessary to perfect the appeal. It is very clear to my mind that this 327th section applies to acts other than the service of notice of appeal, and the

amendment can then only be allowed when notice of appeal has been actually served on the adverse party, against whom the appeal is desired to be perfected. (5 *How. Rep.* 114; 16 *Id.* 385; 26 *Id.* 247; 26 *Id.* 23.) There is another reason why this should not be allowed here. There is no mistake shown. The party did not intend to serve any notice of appeal on these three defendants.

We must strike the cause from the calendar as to these three defendants, and refuse to hear the appeal as to any of the matters affecting their interests, with $10 costs.

PARKER, P. J., concurred.

BALCOM, J., *dissenting* (in part). According to section 327 of the Code, " an appeal must be made by the service of a notice in writing on the adverse party, and on the clerk with whom the judgment or order appealed from is entered, stating the appeal from the same or some specified part thereof." And the main question now presented is whether the three defendants, who have not appealed from the judgment, are to be deemed adverse parties, so as to entitle them to notice of the appeal. Their interests in the case are certainly adverse to those of the appellants. They are as much interested in sustaining the judgment as the appellants are in reversing it, and the only interest the plaintiffs have in the controversy is to have it ended with the least possible expense and delay. The chancellor, in determining who was the adverse party within the meaning of a section of the Revised Statutes and a rule of his court, held that the adverse party was the party whose interest in relation to the subject of the appeal was in conflict with the reversal of the order or decree appealed from, or the modification sought by the appeal (*Thompson agt. Ellsworth*, 1 *Barb. Ch. Rep.* 624). And I am of the opinion the words " the adverse party," in section 327 of the Code, should be construed to embrace parties to the action, whose interests in relation to the judgment or order appealed from are in conflict with the reversal or modifica-

tion sought by the appeal, and that the defendants in this case who have not appealed from the judgment, are adverse parties within the meaning of that section of the Code, and consequently were entitled to notice of the appeal. And as their interest might be affected by the manner the case and exceptions were proposed and settled, I think their attorney should have been served with a copy of the proposed case and exceptions so they could have proposed amendments thereto, and been heard on the settlement of the case, exceptions and amendments. It follows that the case is irregularly on the calendar as against the defendants who have not appealed from the judgment.

The next and only remaining question, is whether the appellants can have relief which will enable them to make their appeal effectual and valid as to all the parties to the action. Section 405 of the Code is similar to a rule of the former supreme court, which was held not to preclude the court from permitting a case not made within the time prescribed by it, to stand as if made within such time. (*See Hawkins* agt. *The Dutchess, &c. Co.* 7 *Cow.* 467 ; 2 *Grah. Pr.* 2*d ed.* 331.) And I am of the opinion this court possesses the power to allow the appellants' attorney in this action to serve a copy of the case and exceptions upon the attorneys of the defendants who have not appealed, and have the same re-settled, on notice to them and the plaintiffs' attorney.

It is provided by section 327 of the Code, " where a party shall give in good faith, notice of an appeal from a judgment or order, and shall omit through mistake, to do any other act necessary to perfect the appeal or to stay proceedings, the court may permit an amendment on such terms as may be just." The appellants' attorney gave his notice of appeal in good faith. It was duly served on the plaintiffs' attorney, and also upon the clerk with whom the judgment was entered. But he omitted through mistake, to serve the notice upon the attorneys of the defendants

who have not appealed, which act was necessary to perfect the appeal. It seems to me that giving the appellants' attorney permission to serve his notice of appeal on the attorneys of the defendants who have not appealed, will not be enlarging the appellants' time to appeal, and that the court is authorized to grant this relief to the appellants by section 327 of the Code. I think the Code itself, as well as pleadings, should be construed "with a view to substantial justice between the parties" (§§ 159, 467).

My conclusions are that the cause should be struck from the calendar, with $10 costs of the motion to be paid by the appellants, and that upon paying $20 costs to the plaintiffs' attorney, and said $10 costs to the attorneys of the defendants who have not appealed, within twenty days after notice of the order, the appellants should have leave to serve a copy of the notice of the appeal and a copy of the case and exceptions on the attorneys of the defendants who have not appealed, who should have ten days thereafter in which to propose amendments thereto, and that the case and exceptions should, if amendments are thus proposed, be re-settled upon notice to the attorneys so proposing amendments and the plaintiffs' attorney, and if re-settled, the same as re-settled should be substituted in the judgment roll in place of the same now in it. But if no amendments should be proposed to the case and exceptions within the time aforesaid, then the case and exceptions as now settled should remain in the judgment roll, and the appeal should be heard on the papers as they now stand, with a copy annexed thereto of the notice of the appeal, directed to the attorneys of the defendants who have not appealed.