By the Court.—Neilson, J.
[After stating facts. ] —The discussion had when the notes were given, as to their form, is not material. The vital thing is that he was to indorse,—was to be surety to enable the maker of the note to make the purchase, and in part on credit.
If this note had been made payable to bearer, and the defendant had put his name on the back of it, his relation would have been that of guarantor ; and the undertaking could have b.een written over his name, or the obligation might have been regarded as if thus actually expressed in the terms of the arrangement.
The defendant was not, therefore, a mere accommodation indorser.
The payment of the note was duly demanded. The notice of -non-payment was given by mail, put by the *75 notary in the post-office in this city, directed to him at his place, corner of Flushing-avenue and Óxford-street, where his letters were regularly taken and left. It further appears, that the mailing of the notice in Brooklyn, instead of in the city of New York, was favorable to the defendant in respect to the time of delivery. The same sanctity and certainty applied to the former as to the latter method. In no point of view would the defendant have been benefited by the deposit in the New York city office.
Assuming that the notice might have been given by mad from either point, how has the defendant Suffered ? Have not his rights been substantially respected? From the moment of such deposit the notice was in charge of a department to which we intrust our letters, however important, and must be regarded as having been delivered; the official transmission is at the risk of the person to whom the letter was sent. The rule is not more hard than that which obtains where a contract is made by written correspondence ; the contract is perfected when the letter accepting the offer in the terms proposed is mailed, whether the other party receives it or not.
We think that in its spirit the act of 1857 applies ; and that, in view of the facts before us, the judgment and order should be affirmed.
McCue, J., concurred.