### VAN DOREN *v.* LIEBMAN.

(*Common Pleas of New York City and County, General Term.* December 3, 1890.)

EVIDENCE—PRESUMPTIONS—PARTNERSHIP—NOTICE OF DISSOLUTION.

The mailing of a notice of dissolution of partnership, properly directed and post-paid, raises a presumption that it was received in due course of mail by the person to whom it was directed.

Appeal from ninth district court.

Action by Jonathan E. Van Doren against Fajbush Liebman, Louis H. Perlman, and Levi S. Manson, for advertising by plaintiff on written orders from defendants under their co-partnership name of "The United States Newspaper Advertising Agency." At the trial, it was conceded that the defendants Perlman and Manson were liable therefor, and that defendant Liebman was also liable with them for a part of the advertising, ordered before November 1, 1889; but he disputed his liability for the remaining portion, ordered after that date, on the ground of a dissolution of the partnership on that day and notice thereof to plaintiff. The evidence of notice was the testimony of a witness in the employ of defendants that, on November 2, 1889, he mailed in the post-office some 400 notices of the dissolution, including one addressed to plaintiff, post-paid. Plaintiff and all his employes testified that no notice of dissolution was ever received. The jury found a verdict for plaintiff. From the judgment for plaintiff entered on the verdict, defendant Liebman appeals.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*David Leventritt,* for appellant.    *Alexander & Ash,* (*Mark Ash,* of counsel,) for respondent.

DALY, C. J., (*orally.*) When the question was submitted to the jury whether notice of dissolution was received by the plaintiff, the defendant was entitled to the benefit of the presumption that a notice properly directed and duly mailed and post-paid was received by the party to whom it was addressed. Under the ruling in this case he was deprived of the benefit of that presumption. The jury were not permitted to deliberate upon the case with that presumption in their minds. The fact that a notice was properly directed and duly mailed raises the presumption that it was received in course of mail. The jury might believe, notwithstanding such mailing, that the plaintiff never received it, and give a verdict accordingly, as they did in this case; but they were bound to take into consideration the mailing of the notice, and the presumption raised thereby. Of that the defendant was deprived in this case. [*Counsel.* Does your honor note what the judge says? That it was for them to determine whether notice was sent through the mails?] That does not cure the error. He was requested to charge the jury that if they believed the notice was mailed then a presumption that it was delivered arose from that fact. He said he would not charge that; yet such is the law as stated in *Austin* v. *Holland,* 69 N. Y. 571. Judgment reversed, and a new trial ordered, costs to abide the event. All concur.