(2 Misc. Rep. 228.)

MANCHESTER et al. v. VAN BRUNT et al.

(Common Pleas of New York City and County, General Term.    February 6, 1893.)

NOTICE OF PROTEST—DEPOSIT IN POST OFFICE.

In a proper case, a deposit in the post office of a notice of dishonor, though accompanied with a direction to return if not delivered in 10 days, is sufficient notice to charge an indorser.    Bischoff, J., dissenting.    19 N. Y. Supp. 685, affirmed.

(Syllabus by the Court.)

Appeal from city court, general term.

Action by George N. Manchester and others against Thomas C. Van Brunt, impleaded with E. C. Butcher, on a promissory note.    From a judgment of the general term affirming a judgment for plaintiffs, defendant appeals.    Affirmed.

Argued before DALY, C, J., and BISCHOFF and PRYOR, JJ.

Alfred B. Cruikshank, for appellant.

Sackett & Lang, for respondents.

PRYOR, J.  To an action by the holders of a note against the indorser, the defendant pleads a discharge for default in notice of dishonor.  The note being payable, and the indorser resident, in the city of New York, the plaintiffs availed themselves of the method of notice provided by statute; namely, by deposit in the post office.  But, by indorsement on the envelope containing the protest, the postmaster was requested to return it to the plaintiffs if not delivered within 10 days; and the argument is that this direction defeated the effect of the deposit as a notice.  We are of opinion that the contention is untenable.  The law never required actual notice to the indorser, but due diligence sufficed to charge him.  Gawtry v. Doane, 51 N. Y. 84; Libby v. Adams, 32 Barb. 542.  Proceeding on the presumption that a communication duly addressed and deposited in the post office will regularly reach its destination, (Steamship Co. v. Otis, 100 N. Y. 446, 3 N. E. Rep. 485; Price v. McGoldrick, 2 Abb. N. C. 69,) the statute prescribes that a notice of protest "may be served" by being so addressed and deposited.  Hence such deposit is the legal equivalent of notice.  Ellis' Adm'r v. Bank, 40 Amer. Dec. 63; Bank v. Marsh, 7 N. Y. 481.  Yet, notwithstanding the literal terms of the statute, it may be assumed that, were the deposit so conditioned and incumbered as to repel the presumption of delivery, it would not amount to notice.  But such is not the present case.  From the facilities and securities for the prompt delivery of mail matter in the city of New York, the inference is inevitable that 10 days was ample time for the receipt of the notice by the defendant.  By the United States Revised Statutes, it is provided that a letter not called for within a given period shall be sent to the "dead-letter" department; and, by section 3939, that after 30 days, if the name and address of the writer be indorsed on the letter, it shall be returned to him.  The state statute making a deposit in the post office equivalent to notice must have contemplated these provisions of federal law; and hence the inference that an absolute and unrestricted deposit is not a necessary condition of such notice.  By the Code, under certain circumstances, service of pleadings may be made by mail; and the service is complete upon deposit in the post office, although in fact the paper miscarry in the delivery.  Jacobs v. Hooker, 1 Barb. 71; Crittenden v. Adams, 5 How. Pr. 310.  In Gaffney v. Bigelow, 2 Abb. N. C. 311, the defendant deposited his answer in the post office, but with a direction to return it "if not called for in five days."  An objection that this qualification of the deposit destroyed its effect as a legal service was overruled by a court consisting of Mullin, P. J., and E. Darwin Smith, and Gilbert, JJ.  The authority is in point, and would control our decision, even were it supported by less satisfactory reasons.

Appellant assails the judgment again on the ground that the defendant was discharged by an extension of time to the maker; but, it appearing beyond doubt that the indulgence was gratuitous, the liability

of the indorser is unaffected.    Upon this point nothing need be added to the argument of the city court, general term.

So far as the appeal invites a consideration of questions of fact, they are concluded, before us, by the determination of the court below.    In other exceptions we observe no feature of gravity.    Judgment affirmed, with costs.

DALY, C. J., concurs.

BISCHOFF, J., (dissenting.)    No appeal lies to this court from an order of the city court of New York, which refuses a new trial, and we are therefore authorized to review the judgment only upon due exception taken at the trial.    Code Civil Proc. § 3191; Wilmore v. Flack, 96 N. Y. 512; Smith v. Pryor, (Com. Pl. N. Y.) 9 N. Y. Supp. 636.    At the close of the testimony for both parties, defendant's counsel asked that a verdict be directed for defendant; and the exception taken to the denial of this motion presents error, for which the judgment must be reversed.

In substance, the agreement of the indorser of a promissory note is that he will pay if the maker does not, provided that at maturity the note is duly presented for payment, and, if not paid, prompt notice of the fact given him.    To charge him it is incumbent upon the holder of the note, therefore, to show that the conditions upon which the indorser's liability rests have been duly performed.    If they have not, the indorser is discharged, without regard to the question whether or not he has been harmed by the omission.    Bank v. Warden, 1 N. Y. 413. Before the statute which authorizes service of a notice of nonpayment of a promissory note by deposit in the post office was enacted, such service, if the indorser resided in the same city or town where the note was in terms payable, or legally presented, or had his place of business therein, could only be made by leaving the notice at the residence or place of business of the indorser.    Van Vechten v. Pruyn, 13 N. Y. 549. Service by mail was ineffectual.    Ransom v. Mack, 2 Hill, 587.    By Laws 1857, c. 416, however, it is provided that "whenever the residence or place of business of the indorser of a promissory note   *   *   *   shall be in the city or town   *   *   *   where such promissory note   *   *   * is payable, or legally presented for nonpayment,   *   *   *   all notices of nonpayment may be served by depositing them, with the postage thereon prepaid, in the post office of the city or town where such note   *   *   *   is payable, or legally presented for payment,   *   *   * directed to the indorser or drawer at such city or town."    Thus was created a mode of technical or constructive service theretofore unknown, and in derogation of the indorser's common-law right to insist upon actual notice.    Hence the statute must be strictly construed.    Suth. St. Const. § 400; McManus v. Gavin, 77 N. Y. 36.    It is to be observed that the statute makes the fact of deposit in the post office notice to the indorser.    Whether or not the indorser received the notice by transmission through the mail is therefore immaterial; and the presumption of receipt from the fact of mailing, which is allowable in some cases, (Howard v. Daly, 61 N. Y. 362; Austin v. Holland, 69 N. Y. 571;

Steamship Co. v. Otis, 100 N. Y. 446, 3 N. E. Rep. 485; Van Doren v. Liebman, [Com. Pl. N. Y.] 11 N. Y. Supp. 769,) is inapplicable to this. To say that the notice was deposited in the post office, therefore received by the indorser, is petitio principii. Was it deposited in the post office? When defendant requested that a verdict should be directed for him, it did not appear that any notice was attempted to be given him, other than a notice which was inclosed in an envelope directed to defendant at his place of business, and dropped in one of the street mail boxes, postage prepaid. But this envelope also bore plaintiffs' address, and a request from them to the postmaster to return the package if delivery thereof to the defendant was not effected within 10 days; and by act of congress of June 8, 1872, (Rev. St. U. S. tit. 46, c. 7, § 3939,) compliance with this request is made obligatory upon the federal postal authorities. Thus the controlling question involved on defendant's motion was not whether or not defendant had presumptively, or in fact, received the notice by transmission through the mail, but whether plaintiffs had performed the condition precedent to defendant's liability, and given him due notice of nonpayment of the note at maturity. This, when the facts are not in dispute, or conflicting inferences cannot be drawn therefrom, presents a question of law, which must be determined by the court. Lambert v. Ghiselin, 9 How. 552; Harris v. Robinson, 4 How. 336; Bank v. Lawrence, 1 Pet. 578. The motion assumed that the facts were as claimed for plaintiffs, and logically we are brought to consider the question whether or not the mailing of the notice of nonpayment, indorsed as stated, constituted a deposit of it in the post office, within the meaning of chapter 416, Laws 1857. We are of the opinion that it did not. Obviously the statute contemplated that the indorser would have the advantage of all means to be employed by the federal government in its efforts to effect delivery of mailed matter. This can be done by absolute and unqualified surrender of the notice to the custody of the postal authorities. In view, however, of the latter's duty to return it pursuant to the request therefor, the deposit of the notice to defendant for transmission became canceled upon expiration of the time limited for delivery. Limitation of the authority to deliver, in respect to time, rescinded the notice upon expiration of that time; and if authoritative custody for the purpose of delivery by the postal authorities can, as in the present case, be limited to 10 days, there is no apparently sufficient reason why it may not be to less time, or why other restrictions affecting the delivery may not be imposed, and so eventual delivery of the notice be altogether frustrated. A limitation of 10 days may not seem of moment in those cities wherein delivery by mail is effected by means of carriers at frequent intervals during the day; but the statute extends to all cities and towns alike, throughout the state, and delivery in many of the towns is accomplished only upon call at the post office by the person to whom the mailed matter is addressed, or by some person on his behalf. Illness, absence from his usual abode or place of business, or the inclemency of the season, may prevent this, and thus the expiration of the time limited for the purposes of delivery may prevent the notice from coming to the indorser's knowledge.

But, it may be urged, the legislature is presumed to have provided for service of the notice by deposit in the post office with reference to the federal laws; and, as these authorize a deposit for delivery within a limited time, such a deposit was contemplated by, and is within, the statute.   To this the answer is that the statute which creates notice of nonpayment to the indorser by deposit of it in the post office was enacted in 1857, while the obligation of the postal authorities to return it upon expiration of the time limited by the sender for delivery was not imposed until June 8, 1872.   Hence the statute could not have contemplated a limitation of the time for delivery of matter deposited in the post office; and it is a rule, in the interpretation of statutes, that if one statute incorporates or adopts another, expressly or by implication, such incorporation or adoption extends only to the latter as it was at the time, and does not include subsequent alterations or amendments.   End. Interp. St. p. 115, § 85; Knapp v. City of Brooklyn, 97 N. Y. 520; In re Sing Sing, 98 N. Y. 454.

We attach no importance to the testimony of Manchester, a witness for plaintiffs, to the effect that the notice was never returned to them, because, if the view entertained by us, that the notice was not deposited in the post office as required by the statute referred to, is correct, then, as matter of course, the omission to give defendant notice of nonpayment can in no sense be cured because a notice of which service was intended was not returned.

Our conclusion is that there was a failure of proof sufficient to constitute a cause of action, and that defendant's motion for direction of a verdict should have been granted.   Judgment reversed, and new trial ordered, with costs to appellant, to abide the event.