(9 Misc. Rep. 87.)

### HIRT et al. v. VINCENT et al.

(Common Pleas of New York City and County, General Term.  June 4, 1894.)

NEGOTIABLE INSTRUMENTS—NOTICE OF NONPAYMENT—SEQUENCE.

> In an action on a note, the evidence is not sufficient to show a sequence of notices of nonpayment so as to charge defendant as an indorser where it appears that the note matured on May 2d, and was presented for payment by the bank in which plaintiff had deposited it for collection, and that plaintiff received the note from the bank, and served notice of nonpayment on defendant on May 4th, there being no evidence as to whether plaintiff was notified of nonpayment on May 3d, or the day before.

Appeal from city court, general term.

Action by August T. Hirt and Paul Hagdorn against Passie M. Vincent, impleaded.  From a judgment of the city court (27 N. Y. Supp. 258) affirming a judgment in favor of plaintiffs, defendant Passie M. Vincent appeals.  Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Edward W. S. Johnston, for appellant.

James P. Campbell, for respondents.

BOOKSTAVER, J.  The defendant William E. D. Vincent, husband of appellant, had been dealing with the plaintiffs for some years prior to the giving of the note in suit.  When the note was given, plaintiffs had a mechanic's lien for $826.99 on certain property in Brooklyn, for goods theretofore sold defendant William E. D. Vincent; the whole amount of the plaintiffs' claim at that time being $953.58, of which $826.99 was secured by the lien.  On the 29th December, 1891, plaintiffs canceled their lien, and took, in payment of the entire claim, $400 in cash, and the note in suit. The note was made by the defendant William E. D. Vincent to the order of the appellant, and by her indorsed to the plaintiffs; specifically charging her separate estate with payment, and stating she "had received full value."  It was made payable at the West Side Bank, and matured on the 2d May, 1892.  It had been by the plaintiffs deposited in the Eleventh Ward Bank for collection, which bank, on the day of its maturity, presented it at the West Side Bank for payment, and payment was refused.  The plaintiffs, however, did not get this note from the Eleventh Ward Bank until the morning of the 4th of May, 1892, when one of them, between 11 and 12 o'clock in the forenoon, called at the house of the appellant, Passie M. Vincent, and delivered a notice of protest to her.  The only question we deem it necessary to consider upon this appeal is whether or not that notice was in due time.  The evidence is clear that the notice of protest was personally handed to the appellant on the 4th of May, in the morning, and that a notice was also mailed to her the same day.  The counsel for the respondents, on the argument, contended that there was evidence showing that the Eleventh Ward Bank had sent notice to plaintiffs. on the day prior to that time, but we have carefully looked through the testimony, and find nothing showing that fact.  It is true that.

the notice of protest is dated on the 3d of May, but Mr. Hagdorn, one of the plaintiffs, testified that, the day he mailed the notice to the defendant, he also had the interview with her, and served the other notice on her, and that he was "sure it was the 4th;" thus negativing the inference to be drawn from the date of the notice. If the Eleventh Ward Bank had, on the morning of May 3d, notified plaintiffs of the protest of the note, and then the plaintiffs had given the notice they did, the sequence of notices would have been complete, and the appellant would have been bound thereby; Bank v. Taylor, 34 N. Y. 128, 130; Mead v. Engs, 5 Cow. 303; Bank v. Vail, 21 N. Y. 485; Smith v. Poillon, 23 Hun, 630, 631, 87 N. Y. 597, 598; Manchester v. Van Brunt (Com. Pl. N. Y.) 22 N. Y. Supp. 362. On a new trial it may be shown that the Eleventh Ward Bank, having received the note back on the evening of the 2d, after business hours, duly notified the plaintiffs on the following day, in which event the sequence would be complete. As there must be a new trial for the reasons above given, it is now unnecessary to discuss the other questions raised upon this appeal. The judgment must therefore be reversed, and a new trial ordered, with costs to the appellant, to abide the event. All concur.