R. J. COOPER, on Behalf of himself and all Other Creditors of WILLIAM C. COOPER, Deceased, Plaintiff, *v.* MAGGIE E. COOPER and FRANK COOPER, as Administrator with the Will Annexed of WILLIAM C. COOPER, Deceased, Defendants.

*A notice of appeal must be served upon a co-defendant to whom the judgment requires the defendant appellant to pay money — where the notice has been served on the plaintiff and the clerk the court may allow it to be served on the co-defendant.*

Where a creditor of a decedent brings an action to set aside, on the ground of fraud, a transfer of personal property made by the decedent during his lifetime, making parties thereto the alleged fraudulent transferee and the decedent's administrator, and a judgment is rendered directing the alleged fraudulent transferee to pay the proceeds of the property transferred to the decedent's administrator, the latter is a necessary party to an appeal, by the fraudulent transferee, from the judgment.

Where, however, the fraudulent transferee serves the notice of appeal upon the plaintiff and the clerk of the court, but neglects to serve it upon her co-de-

fendant, the court has power, under section 1303 of the Code of Civil Procedure, to relieve the fraudulent transferee from the consequence of her neglect and to permit her, upon terms, to perfect her appeal.

MOTION by the plaintiff, R. J. Cooper, on behalf of himself and all other creditors of William C. Cooper, to dismiss an appeal taken by the defendant Maggie E. Cooper from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Schenectady on the 4th day of June, 1902, setting aside a transfer of personal property made by the said William C. Cooper in his lifetime to such defendant.

*R. J. Cooper*, for the motion.

*John D. Miller*, opposed.

SMITH J.:

The defendant Maggie E. Cooper has appealed from a judgment setting aside a transfer to her of personal property from William C. Cooper in his lifetime. The notice of appeal was duly served upon the plaintiff and upon the clerk. The ground of this motion is the failure of the appellant to serve the notice of appeal upon her co-defendant, Frank Cooper, as administrator with the will annexed of William C. Cooper. By the judgment the appellant is directed to pay to Frank Cooper, as such administrator, the proceeds of the property which was held to have been fraudulently transferred to her. That he is an adverse party and, therefore, a necessary party to the appeal would, therefore, seem clear. (*Patterson* v. *Hamilton*, 26 Hun, 665.) The appeal, therefore, is imperfect and cannot be heard, and must be dismissed unless this court shall grant relief to the appellant. Upon the affidavit of the appellant's attorney it appears that he has endeavored in good faith to perfect the appeal, and has served the notice of appeal upon the adverse party as he understands, and desires that the appeal be maintained to protect the rights of his client, and if the court deem the appeal defective, he asks for leave to supply said defect under the power given to the court by section 1303 of the Code of Civil Procedure. By this section it is provided that " where the appellant seasonably and in good faith serves the notice of appeal either upon the clerk or upon the adverse party or his attorney, but omits,

through mistake, inadvertence, or excusable neglect, to serve it upon the other, * * * the court in or to which the appeal is taken, upon proof by affidavit of the facts, may, in its discretion, permit the omission to be supplied * * * upon such terms as justice requires." I am unable to see why the appellant has not brought herself within the provisions of this section of the Code. It is not wholly inexcusable that the appellant should have assumed that a plaintiff bringing an action might so far represent the adverse interest as to be the person upon whom the notice of appeal might rightfully be served. If this notice of appeal had been served upon the clerk, and had not, through excusable mistake or neglect, been served upon the plaintiff, the right of the court to permit the service thereof upon the plaintiff would hardly be questioned. The fact that the adverse party who should have been served is a co-defendant would seem to render the neglect to serve him the more excusable, and would nevertheless bring the appellant within the equal protection of the provision cited. (See *Hubbell* v. *Syracuse Iron Works*, 28 Abb. N. C. 380.)

The respondent denies the power of the court under this section to give relief to the appellant. He cites some cases which arose prior to the Code of Civil Procedure. By section 327 of the Code of Procedure it was provided that " when a party shall give, in good faith, notice of appeal from a judgment or order, and shall omit, through mistake, to do any other act necessary to perfect the appeal or to stay proceedings, the court may permit an amendment on such terms as may be just." Under that provision of the Code it was held that where service of the notice of appeal was made upon the clerk, but not upon the adverse party, no power was given to supply the defect, as under the Code the appellant had not given a notice of appeal which was thereby required. In the Code of Civil Procedure, however, the law in this respect has been changed, and specific provision is made for supplying this defect where the notice of appeal has been served upon the clerk or upon the adverse party. We are referred to the case of *Patterson* v. *Hamilton* (26 Hun, 665), where the court seems to have held that it was powerless in a similar case to give relief because the time to appeal had expired. We cannot agree with the rule there held. It is apparent that the attention of the court was not called to the additional power given

to the court by section 1303 of the Code of Civil Procedure. The court cites as authority for the rule there held the case of *Cotes* v. *Carroll* (28 How. Pr. 436). That case was decided upon the wording of section 327 of the Code of Procedure. Aside from this case, we are referred to no decision wherein this question has been considered subsequent to the enactment of the Code of Civil Procedure. That this section of the Code applies to appeals from the surrogate has been held in *Matter of Darragh* (19 N. Y. St. Repr. 207). We are of opinion that the power is clearly given to the court to relieve the appellant from his mistake, and that the hearing upon the appeal should be suspended, with permission to the appellant to perfect his appeal by service upon the proper parties upon payment to the plaintiff of ten dollars costs of this motion. The terms of the order may be settled by a justice of this court.

All concurred.

Motion denied, with permission to appellant to perfect his appeal by service upon the proper parties, upon the payment to plaintiff of ten dollars costs of this motion. Order to be settled by SMITH, J.