COOPER v. COOPER et al.

(Supreme Court, Appellate Division, Third Department.   November 12, 1902.)

1. NOTICE OF APPEAL—FAILURE TO SERVE ADVERSE PARTY—SUPPLYING OMIS-
SION—DISCRETION OF COURT TO WHICH APPEAL IS TAKEN.
   Code Civ. Proc. § 1303, provides that where notice of appeal has been
   seasonably served upon either the clerk or the adverse party, but, owing
   to mistake or inadvertence, has not been served on the other, the court
   to which the appeal is taken may permit the omission to be supplied.
   A defendant gave notice of appeal to the clerk, and to the plaintiff,
   but failed to notify her codefendant, to whom by the judgment she was
   directed to pay the subject-matter of the controversy.  Held, that the
   court to which appeal was taken might permit the appeal to be perfected
   by the supplying of the omission.

Appeal from trial term.

Action by R. J. Cooper, on behalf of creditors of William C. Cooper,
deceased, against Maggie E. Cooper and another.  From a judgment
in favor of plaintiff, defendant Maggie Cooper appeals.  Motion to
dismiss appeal.  Motion denied.

Argued before PARKER, P. J., and KELLOGG, SMITH, and
CHASE, JJ.

R. J. Cooper, for the motion.
John D. Miller, opposed.

SMITH, J.  The defendant Maggie E. Cooper has appealed from
a judgment setting aside a transfer to her of personal property from
William Cooper in his lifetime.  The notice of appeal was duly served
upon the plaintiff and upon the clerk.  The ground of this motion is
the failure of the appellant to serve the notice of appeal upon her co-
defendant, Frank Cooper, as administrator with the will annexed of
William C. Cooper.  By the judgment the defendant is directed to
pay to Frank Cooper the sum of money which was held to have been
fraudulently transferred to her.  That he is an adverse party, and
therefore a necessary party to the appeal, would therefore seem clear.
Pattison v. Hamilton, 26 Hun, 665;  Code Civ. Proc. § 2573.  The
appeal, therefore, is imperfect and cannot be heard, and must be dis-
missed unless this court shall grant relief to the appellant.  Upon the
affidavit of the appellant's attorney, he has endeavored in good faith
to perfect the appeal, and has served the notice of appeal upon the
adverse party as he understands, and desires that the appeal be main-
tained to protect the rights of his client, and, if the court deem the
appeal defective, he asks for leave to supply said defect under the
power given to the court by section 1303 of the Code of Civil Pro-
cedure.  By this section it is provided that "where the appellant sea-
sonably and in good faith serves notice of appeal either upon the
clerk or upon the adverse party or his attorney, but omits, through
mistake, or inadvertence, or excusable neglect, to serve it upon the
other,  *  *  *  the court in or to which the appeal is taken, upon
proof by affidavit of the facts, may, in its discretion, permit the omis-
sion to be supplied upon such terms as justice requires."  I am unable
to see why the appellant has not brought himself within the provisions

of this section of the Code. It is not wholly inexcusable that the appellant should have assumed that a plaintiff bringing an action might so far represent the adverse interest as to be the person upon whom the notice of appeal might rightfully be served. If this notice of appeal had been served upon the clerk, and had not, through excusable mistake or neglect, been served upon the plaintiff, the right of the court to permit the service thereof upon the plaintiff would hardly be questioned. The fact that the adverse party who should have been served is a codefendant would seem to render the neglect to serve him the more excusable, and would nevertheless bring the appellant within the equal protection of the provision cited. See Hubbell v. Syracuse Ironworks (N. Y.) 24 N. E. 1101.

The respondent denies the power of the court under this section to give relief to the appellant. He cites some cases which arose prior to the Code of Civil Procedure. By section 327 of the Code of Procedure, it was provided that "when a party shall give, in good faith, notice of appeal from a judgment or order, and shall omit, through mistake, to do any other act necessary to perfect the appeal or to stay proceedings, the court may permit an amendment on such terms as may be just." Under that provision of the Code, it was held that where service of the notice of appeal was made upon the clerk, but not upon the adverse party, no power was given to supply the defect, as under the Code the appellant had not given a notice of appeal which was thereby required. In the Code of Civil Procedure, however, the law in this respect has been changed, and specific provision is made for supplying this defect where the notice of appeal has been served upon the clerk or upon the adverse party. We are referred to the case of Pattison v. Hamilton, 26 Hun, 665, where the court seems to have held that it was powerless in a similar case to give relief, because the time to appeal had expired. We cannot agree with the rule there held. It is apparent that the attention of the court was not called to the additional power given to the court by section 1303 of the Code of Civil Procedure. The court cites as authority for the rule there held the case of Cotes v. Carroll, 28 How. Prac. 436. That case was decided upon the wording of section 327 of the Code of Procedure. Aside from this case, we are referred to no decision wherein this question has been considered subsequent to the enactment of the Code of Civil Procedure. That this section of the Code applies to appeals from the surrogate has been held in Re Estate of Darragh (Sur.) 3 N. Y. Supp. 283. We are of opinion that the power is clearly given to the court to relieve the appellant from his mistake, and that the hearing upon the appeal should be suspended, with permission to the appellant to perfect his appeal by service upon the proper parties, upon payment to the plaintiff of $10, costs of this motion. The terms of the order may be settled by a justice of this court. All concur.