After advisement, the following opinion was delivered:
By Justice Cowen.
In this case the bill was taken as confessed, and after an account the report of the master was confirmed, and a decree made for a sale, in open court, the counsel for Murphy, the appellant being present, and making no opposition. The latter fact is expressly stated by the affidavit on which the motion is founded, and is not denied by the [ *250 ] *opposing affidavit. The only answer is that the deponent is informed by the solicitor, and believes that the counsel took an objection to the decree asked for. This cannot be received as an answer to the positive allegation on the other side.
In short the appellant neither answered or appeared in any stage of the cause, for the purpose of contesting any step taken against him, and the appeal should clearly be dismissed, on the authority of several cases decided by this court. In Sands v. Hildreth, 12 Johns. R. 493, the defendant had answered, witnesses were examined by the complainant, and the cause was set down for a hearing, when the defendant failed to appear. His appeal to *191 this court was therefore dismissed. In this case, the defendant below now appealing, neither answered nor appeared. The case is, therefore, stronger against him than that of Sands v. Hildreth.
The decree which follows a bill taken pro confesso in chancery, answers to a judgment by default, or nil dicit, in the courts of law. Under this analogy, the case of Colden v. Knickerbocker, 2 Cowen, 31, applies. That case denied a writ of error on the side of the defendant, after he had suffered a judgment by default to pass against him in the supreme court. The analogy was conceded by this court in the case of Kane v. Whittick, 8 Wendell, 219. The last cited case, too, is in itself stronger against an appeal than the present. There an answer was interposed and the cause heard, an interlocutory decree being made. So far as the appeal related to that, this court held it must be dismissed because not taken within thirty days. That decree was made the 7th of October, 1828, on the principal question; but it also contained an order for taking an account before a master. An account was taken, to which no exception was interposed, and nearly a year after the first decree, the report was, on due notice confirmed, and a decree made that the complainant should have execution, no one appearing for the defendants on that occasion. For this non-appearance, the appeal from the final decree was dismissed. The merits having been discussed, and the court below having passed upon them at the first hearing, some doubt was entertained whether the case came within the reason of the rule upon *which the motion to dismiss was founded. The court [ *251 ] below had examined and decided the material points in litigation, and rendered its reasons ; and some thought that to attain such a position was the only object of the rule. But all agreed that where the proceedings are allowed to pass silently through the court, or in such form that according to its settled course of practice, the points in litigation cannot be brought to the view of the chancellor, no appeal can be entertained. That is this case.
Clearly the appellant might have appeared, and made points on the frame of the decree ; nor is it necessary to deny that, if he had been prejudiced, an appeal would have lain. The case supposed on the argument was that on the face of the bond and mortgagees set out in the bill, the personal responsibility of Murphy, (the mortgagor and appellant,) might appear to be qualified or waived, the difficulty lies in the fact of his not appearing at all, much less mentioning any, such exemption to the chancellor. He comes here as to a court of original jurisdiction, desiring our interference in a matter which would have been at once set right in the court below, on its being presented.
My opinion is that the motion should be granted, with costs.
The court being unanimously of the same opinion, an order was entered accordingly.