## Thompson *vs.* Ellsworth and others.

The 80th section of the title of the revised statutes, relative to writs of error and appeals, which declares that an appeal shall not be effectual for any purpose, until a bond to the adverse party in the penalty of $250, or a deposit of money, as security for the costs upon the appeal, shall be given or made, is broad enough, *it seems*, to cover any appeal from an order or decree of the court of chancery, whether such order or decree was made by the chancellor or by a vice chancellor; unless the case is otherwise provided for in the title of the statute relative to the court of chancery, which authorizes the chancellor to regulate such appeals by general rules.

That section of the statute is not inconsistent with the provisions of the 60th section of the title relative to the court of chancery; but may be considered as a superadded requisite, to render the appeal valid and effectual.

The adverse party, within the intent and meaning of the 80th section of the statute, and of the 116th rule of the court of chancery, means the party whose interest, in relation to the subject of the appeal, is in conflict with the reversal of the order or decree appealed from, or the modification sought for by the appeal. And where two or more persons have a common interest in resisting the reversal of the decree, or the modification which is sought for by the appellant, a joint bond to all of those respondents is a sufficient compliance with the statute and the rule of the court relative to appeals. It is not necessary, in such a case, for the appellant and his sureties to execute separate appeal bonds to each of the respondents.

But where there are several respondents having entirely distinct and conflicting interests in relation to the object sought for by the appeal, separate appeal bonds should be given, to make the appeal valid and effectual in reference to such adverse parties respectively.

Where a bond or other security is taken in the name of a married woman, during coverture, the husband may elect to treat it as his own property, and may bring a suit thereon in his own name; or, he may treat it as the property of the wife, and bring a suit in the name of both.

· defendant in a foreclosure suit is not entitled to have set-off, against the mortgage debt, an unliquidated claim for damages upon an injunction bond which was given subsequent to the commencement of the suit.

This was an application by the complainant to dismiss an appeal, brought by the defendant Ellsworth, from the final decree in this cause, for irregularity.

The bill was filed by the complainant to foreclose a bond and mortgage given, by the defendant Ellsworth, to J. McGregor, and assigned by the latter to the wife of the complainant, during coverture. The other defendants claimed an interest in the

mortgaged premises, under a subsequent mortgage from Ellsworth; the right to which mortgage was contested between those defendants, or some of them, and its validity was not admitted by the defendant Ellsworth. Some of those defendants put in answers, which did not admit the assignment to the wife of the complainant, as stated in the bill, and which rendered it necessary to put in replications and take proof of the facts. Pending the suit, the complainant applied for and obtained an injunction to stay waste, upon giving a bond for the damages which might be sustained by the defendant Ellsworth; pursuant to the 31st rule of the court of chancery.

Upon the hearing before the vice chancellor, Ellsworth claimed to offset against the amount due upon the mortgage, the damages which he alleged he had sustained by reason of the injunction. He also insisted that the complainant was only entitled to the costs allowed by the statute in cases where the bill is taken as confessed, or where the answer of the defendant admits the rights of the complainant as stated in his bill. It was also insisted, upon the hearing before the vice chancellor, that the wife of the complainant, in whose name the assignment of the mortgage was taken, was a necessary party to the suit. The vice chancellor overruled all these objections, and made the usual decree for a foreclosure and sale of the mortgaged premises, and to pay the complainant's debt out of the same, and to bring the surplus, if any, into court; and a decree over against Ellsworth, the mortgagor, for the deficiency, if there should be any.

The defendant Ellsworth afterwards applied to the vice chancellor for a rehearing as to the costs. He insisted that if the complainant was entitled to full costs, the same should not be charged upon him, directly or indirectly; inasmuch as the extra costs had been produced by the answers of the other defendants, and not by his own answer which admitted all the material facts stated in the bill. That application was denied, upon the ground that the other defendants, who might, as between Ellsworth and them be charged with the costs if the decree was varied in respect to costs, had not received notice of

such application for a rehearing. The defendant Ellsworth thereupon appealed from the whole decree. And upon such appeal, he executed a bond to the complainant and five of his co-defendants, jointly, in the penalty of $250, for the costs of the appeal; and a separate bond to the complainant, to pay the value of the use of the mortgaged premises, and as a security against the commission of waste.

*E. H. Rosekrans,* for the complainant.

*J. Ellsworth,* defendant, in person.

THE CHANCELLOR. Whatever may be the merits of the appeal in this case, it cannot be dismissed if the appellant has complied with all the requirements of the statute and the rules of the court, to make the appeal effectual. It therefore becomes important to inquire whether the appeal bond in this case is in the proper form.

It was suggested, upon the argument of this motion, that the chancellor had not the power to require any security for costs to be given upon an appeal from a decree or order of a vice chancellor; but only to prescribe, by general rules, what should be necessary to make the appeal a stay of proceedings. The construction which was given to the statute on this subject, however, immediately after it went into effect in 1830, was otherwise; and it is too late now to raise that question in this court. Besides; the 80th section of the title of the revised statutes, relative to writs of error and appeals, appears to be broad enough to cover an appeal from any order or decree of the court of chancery, whether made by the chancellor or by a vice chancellor; unless the case is otherwise provided for in the title relative to this court, which authorizes the chancellor to regulate such appeals by general rules. It is true, the 60th section of the last mentioned title, (2 *R. S.* 178,) states that an appeal, from a decree or order of a vice chancellor, shall be made by serving notice thereof on the solicitor of the adverse party, and on the register, assistant register, or clerk, with whom the order or de-

cree appealed from, was entered. But that is nothing more than was required by the rule of this court in reference to appeals, to the court for the correction of errors, at the time the revised statutes were adopted. The 80th section of the title relative to writs of error and appeals, (2 *R. S.* 605,) which declares that an appeal shall not be effectual for any purpose until a bond to the adverse party in the penalty of $250, or a deposit of money, as security for the costs upon the appeal, shall be given or made, is not inconsistent with the provisions of the 60th section of the title relative to the court of chancery, but may be considered as containing a superadded requisite to render the appeal valid and effectual.

The adverse party, within the intent and meaning of this 80th section and of the 116th rule of this court, means the party whose interest in relation to the subject of the appeal is in conflict with the reversal of the order or decree appealed from, or the modification sought for by the appeal. And where two or more persons have a common interest in resisting the reversal of the decree, or the modification which is sought for by the appellant, a joint bond to all of those respondents will undoubtedly be a sufficient compliance with the statute and the rule of this court in relation to appeals. It is not necessary, therefore, for the appellant and his sureties to execute separate appeal bonds, to each of the respondents, in such a case. But where there are several respondents who have entirely distinct and conflicting interests in relation to the object sought for by the appeal, I think separate appeal bonds should be given in order to make the appeal valid and effectual in reference to such adverse parties respectively.

Here, the appeal is from the whole decree, and the complainant alone is interested in resisting the appellant's claim to have it entirely reversed. He is also the only respondent who is interested in opposing the appellant's claim to an offset, and to have the costs of the complainant limited to the allowance prescribed by statute where the rights of the complainant, as stated in the bill, are not denied or contested. And as to all of these objects of the appeal, the other respondents have a common in-

Thompson *v.* Ellsworth.

terest with the appellant, in favor of the success of his appeal. For, in the one case, the complainant's suit would be defeated altogether, and in the other, the surplus proceeds of the sale of the mortgaged premises, which they claim an interest in by virtue of the subsequent mortgage, would be relieved from the charge of a portion of the complainant's debt and costs; which are now chargeable upon the fund under the decree appealed from. On the other hand, so far as the appellant seeks for a decree over against his co-defendants, for the extra costs, to which he, or his interest in the mortgaged premises may have been subjected by the defence set up in their several answers, the complainant has no interest in the question. And such co-defendants are alone the adverse parties to the appellant; and they, only, are interested in resisting the modification of the decree in that respect. The complainant, therefore, was entitled to a separate appeal bond, to himself alone, for the security of his costs and damages in case the appeal as to him should be unsuccessful. And a joint bond to him and the other respondents, whose interests were adverse to his so far as he had any interest in resisting the claims of the appellant, was irregular.

This however is a case in which the appeal bond is amendable, if, the appeal is meritorious. I have therefore looked into the case to see if there was any probability that this appeal could be successful, so far as concerns the rights of the complainant. The vice chancellor was clearly right in holding that the wife of the appellant, was not a necessary party. The cases of *Borrough* v. *Moss,* (10 *Barn. & Cress. Rep.* 558,) and *Searing* v. *Searing,* (9 *Paige's Rep.* 283,) and the other authorities referred to in the opinion of the vice chancellor, recognize the principle as settled, that the husband may bring a suit in his own name in such a case. The law on that subject is, that if a bond or other security, is taken in the name of the wife, during coverture, the husband may elect to treat it as his own property, and may bring a suit thereon in his own name; or he may treat it as the property of the wife and bring a suit in the name of both. The court below was also right in refusing to set off against the mortgage debt, the unliquidated claim for damages upon the injunc-

Thompson *v.* Ellsworth.

tion bond which was given subsequent to the commencement of the suit.

And as between the complainant and the defendant Ellsworth, the decree was right in relation to costs. The assignee of the first mortgage was bound to make the holders of the second mortgage, or those claiming interests therein, parties to his bill of foreclosure; which would not have been necessary if the appellant had performed his contract by paying the mortgage money and interest, when the same became payable. Nor could the complainant prevent such parties from putting in answers denying all knowledge of the assignment of the mortgage to his wife, as stated in the bill; thus rendering it necessary for him to file replications to such answers, and to prove the due execution of the assignment. This occasioned the extra costs, beyond the statutory allowance, where the right of the complainant, as stated in his bill, is admitted by the defendants, in their answers, or by suffering the bill to be taken as confessed. As between the complainant and the mortgagor, the former was entitled to a decree against the land, for the payment of his full costs, as well as the mortgage debt, and to a decree over against the mortgagor, upon his bond, in case of a deficiency. Nor could the court rightfully compel him to look only to the personal liability of any of the defendants, for a portion of his necessary costs and expenses of foreclosure; or to litigate the question with those defendants as to their personal liability for the extra costs occasioned by their answers. The proper course for the defendant Ellsworth, if he supposed his co-defendants ought to be charged personally with a portion of those costs, would have been to ask for a decree over against them, in his favor, for the costs to which either himself or his property had been subjected by their fault.

Whether or not he is entitled to such a decree, is a question upon which I express no opinion at this time. For the complainant is not interested therein adversely to the appellant; and the co-defendants of the latter are not asking to have the appeal dismissed as to them. The dismissal of the appeal as to the complainant will not prevent the court from making a decree

over against the other respondents, upon the other branch of the appeal, if such a decree is proper and the appeal is properly brought for that purpose. But in the meantime, the complainant will have the right to proceed and carry the decree into effect, so far as regards himself.

The appeal, so far as it relates to the complainant and his rights, must be dismissed for irregularity, with costs to be taxed; to be paid by the appellant. And the complainant is to be at liberty to proceed and enforce his decree against the mortgaged premises, and against the defendant Ellsworth personally for the deficiency, if any there should be; but without prejudice to the rights of the appellant as against the other respondents in this appeal.