Townsend v. Smith.

Between SAMUEL P. TOWNSEND and wife and others, appellants, and RESCARRICK M. SMITH, treasurer, respondent.

In case a defendant does not appear at the hearing before the Chancellor, the cause having been regularly noticed for argument, he cannot appeal from the decree thus rendered in his absence.

If the absence was involuntary or accidental, and a defence was intended to be made, the remedy is by petition to the Chancellor for a rehearing.

Mortgages given to the treasurer of the state, under the provisions of the "act to authorize the business of banking," may be foreclosed, and the mortgage debt collected by a sale of the mortgaged premises. The remedy is not limited to a mere sale and transfer of the security.

This was an appeal, taken from a decree of the Chancellor, made in favor of the complainant. The bill was

Townsend *v.* Smith.

brought on a mortgage which had been deposited with the complainant, as treasurer of the state of New Jersey, as security under the general banking law. The cause was brought to a hearing on the pleadings and proofs of the cause, and was argued by the attorney general, Dayton, on behalf of the complainant. No person appeared at the hearing on behalf of the defendants, although it appeared due notice had been given.

*W. L. Dayton*, attorney general, now moved to dismiss this appeal, on the ground that no appeal could be taken from a decree of the Court of Chancery made *ex parte*. He cited and commented on the following authorities: *Blake's Ch.* 170; *Sands* v. *Hildreth*, 12 *J. R.* 493; *Franklin* v. *Osgood*, 14 *J. R.* 527; *Dean* v. *Abel*, 1 *Dick.* 287; *Chamley* v. *Lord*, 2 *Scho. & Lefroy* 712.

*I. W. Scudder* and *J. P. Bradley* replied.

The original bill in this cause was filed on the 11th of January, 1855, by the treasurer of the state of New Jersey, against Townsend and wife and others, to foreclose five several bonds and mortgages, to secure, in the aggregate, the sum of $25,000, given by Samuel P. Townsend and wife to the Merchants Bank at Bridgeton, and by them assigned to the complainant. The bonds and mortgages are all dated on the first day of January, 1852, and are payable on the 1st of January, 1853, with interest thereon semi-annually, and were transferred by the mortgagees to the complainant on the 22d of January, 1852. They were all past due at the time of filing the bill of complaint. The assignment of the mortgages to the complainant is in the ordinary form—no special trust is expressed therein.

The bill is in form an ordinary foreclosure bill, with the single exception, that it avers that Townsend, one of the defendants, for the purpose of entering into the business of banking, pursuant to the law of this state entitled, "An act to authorize the business of banking, and the

supplements thereto, became indebted to the Merchants Bank at Bridgeton, an association organized under the above statutes, and thereupon gave his bonds and mortgages, as set forth in the bill. Beyond this the bill contains no averment of the purposes for which the mortgages were given, and none whatever of the purposes for which they were assigned to the state treasurer.

Answers were filed by Townsend and wife by the Merchants Bank at Bridgeton. A decree *pro confesso* was taken against the other defendants. A replication was filed to the answer—depositions were taken—and the cause set down for hearing upon the pleadings and proofs.

At the hearing, no one appeared for either of the defendants, though notice of argument was duly served upon the solicitor. An interlocutory decree was thereupon made in favor of the complainants, and an order of reference made to a master. From this decree Townsend and the bank appealed. No opinion was delivered by the Chancellor, nor was the Court of Appeals informed in .writing of the reasons of his decree. The decree was in fact rendered as of course upon proof of the execution and assignment of the bonds and mortgages and the failure of the defendants to appear at the hearing.

Upon the appeal being moved, the counsel of the respondents moved its dismissal, upon the ground that no appeal would lie from a decree made in the absence of the defendants. After argument, the court reserved its opinion upon the preliminary motion, and directed the argument to proceed upon the merits.

The cause was argued by

*I. W. Scudder* and *J. P. Bradley*, for appellants.

*W. L. Dayton, Att'y Gen.*, for respondents.

The opinion of the court was delivered by the

CHIEF JUSTICE.   This cause was regularly set down for hearing in the court below upon the pleadings and proofs.  None of the defendants appeared personally or by their counsel at the hearing, though notice of argument was regularly served.   It appeared, by the evidence, that the mortgage, for the foreclosure of which the bill was filed, was duly executed and assigned.   A decree as of course was made in favor of the complainant, and an order of reference to a master.   From this decree the appeal is taken.

In such case, by the well settled rule of the House of Lords, in England, and of the Court of Appeals of the state of New York, no appeal will lie.   1 *Dickens* 287, *Dean* v. *Abel;* 10 *Vesey* 30, *Stubbs* v. *Dunsany;* 2 *Scho. & Lefroy* 712, *Chamley* v. *Lord Dunsany; Blake's Chan.* 170 ; 2 *Smith's Chan. Prac.* 22;   12 *Johns. R.* 493, *Sands* v. *Hildreth;* 14 *Johns. R.* 527, *Franklin* v. *Osgood;* 8 *Wendell* 219, *Kane* v. *Whittick;* 25 *Wendell* 249, *Murphy* v. *The Am. Life Ins. and Trust Co.*

The rule is founded in reason, and is applicable to the practice of this court under the constitution and laws of this state.   If the defendants voluntarily absent themselves from the hearing, it may fairly be presumed that no defence is insisted on.   If the absence was involuntary or accidental, and a defence was intended to be made, the remedy is by petition to the Chancellor for a rehearing, which in practice is freely granted.   9 *Vesey* 172, *Vowles* v. *Young;* 1 *Ambler* 89, *Cunningham* v. *Cunningham.*

This court sits not to exercise original jurisdiction, but to revise the decisions of the Chancellor.   The constitution requires that he shall inform this court in writing of the reasons for his decree.   It contemplates that the questions to be heard and considered by this court should have been heard and decided by the Chancellor.   The practice in the House of Lords is as strict, in this respect,

2 G*

Townsend *v.* Smith.

on the equity side of the court as at law.  In *Chamley* v. *Lord Dunsany*, 2 *Scho. and Lef.* 712, Lord Eldon said—" If this cause had been heard in the Court of Chancery or Exchequer in England, no client could have induced a counsel to make that point in the bar of this house under such circumstances; because such counsel, having been previously conversant with the cause, would have known that, as it was not made below, it could not be made by way of appeal."

The rule which denies to a party who makes default at the hearing in the court below the right to an appeal was recognised and approved, and the grounds upon which it rests were very clearly stated by Chancellor Kent in *Gelston* v. *Hoyt*, 13 *Johns. R.* 576.  It is not a mere technical rule, but is founded upon salutary principles, the violation of which would lead to serious evils in the administration of justice.  It is true that the constitution gives to every party aggrieved by a decree the right of appeal; but it is equally true that the right is to be enjoyed and exercised subject to the regulations of law and to the rules and practices of the court.  We are all of opinion that the appeal must be dismissed.

But inasmuch as this question is now for the first time decided in this court—as the cause has been fully argued upon the merits, and as important public interests are involved in the controversy—the court desire it to be stated, as their unanimous opinion, that there is nothing in either of the grounds of appeal which would entitle the party to a reversal of the decree, if the case were properly before them.

1.  Mortgages given to the treasurer of the state under the provisions of the " act to authorize the business of banking" (*Nixon's Dig.* 48) may be foreclosed, and the mortgage debt collected by a sale of the mortgaged premises.  The remedy is not limited to a mere sale and transfer of the security.

2.  It appears, by the evidence, that before the filing of

the complainant's bill, the contingency had arisen upon which, by the provisions of the statute, the treasurer was authorized to enforce the collection of the mortgage debt.

Appeal dismissed.