The People *ex rel.* Larocque v. Murphy.

THE PEOPLE. OF THE STATE OF NEW YORK *on the relation of* JEREMIAH LAROCQUE *v.* RICHARD B. MURPHY.

Where an attachment was issued against a party as for a contempt, granted on an affidavit verified before a notary in a county other than that for which he was appointed,—*Held*, that such attachment was issued without due proof by affidavit as required by statute, and that the attachment order granted thereon, and all proceedings thereunder, should be vacated and set aside, as granted without authority. And this, notwithstanding sufficient may have appeared in the party's answers to the interrogatories subsequently filed without resorting to the affidavits upon which the attachment was granted, the proceeding having been void from its inception.

On a motion to commit a party for contempt, he should be permitted to read, in addition to his answers to the interrogatories propounded to him, affidavits showing the absence of any wilful disobedience of the order for the violation of which it is sought to punish him.

Where a statute regulating the course of procedure for a criminal contempt says that the court " may" receive affidavits, the exercise of a sound legal discretion requires that affidavits should not be excluded, unless they are manifestly irrelevant to the question. (CARDOZO, J.)

The proper remedy for a party committed for a contempt under a void process, is to move the Court upon affidavits disclosing the fact, for an order vacating it, and discharging the party. And where the judge who issued such process is no longer a member of the Court, the motion may be made before any judge sitting at Special Term.

A motion cannot be entertained at Special Term to dismiss an appeal from an order made at Special Term. In such a case the motion to dismiss the appeal must be made at the General Term. A motion to dismiss an appeal from the Marine or Justices' Courts to this Court, however, should be made at the Special Term.

APPEAL by the relator from an order at Special Term, vacating an order made by HILTON, J., November 19, 1863, adjudging the respondent Murphy guilty of a contempt; and also vacating and setting aside all proceedings subsequent to such order.

The relator, having brought an action against the respondent, to perpetually enjoin him from keeping or sawing marble on the street, opposite to the relator's dwelling house, No. 29 West Thirtieth street, in the city of New York, and praying that the relator might be quieted in the possession and enjoyment of his house, &c., obtained a preliminary injunction at Special Term,

The People *ex rel.* Larocque v. Murphy.

(BRADY, J.), whereby Murphy was ordered absolutely to desist and refrain from depositing, keeping or sawing marble in the street opposite said dwelling house until the further order of the Court.

On the 7th day of October an attachment was issued against Murphy as for a contempt for violation of such injunction order, and he was taken into custody by the sheriff and held under bail.

The relator having filed interrogatories, and the respondent having filed his answers thereto, the relator, on such interrogatories and answers, applied, on notice, to the Special Term for an order adjudging the respondent guilty of a contempt.

On the hearing of this motion, the respondent's counsel asked leave to be permitted to read affidavits to show the relator's motives in prosecuting the proceeding, the absence of intention on the part of the respondent to disobey any order of the Court, and to contradict the allegations contained in the relator's complaint and moving papers.

The Court (HILTON, J.) refused to allow such additional affidavits to be read on the ground that the answers to the interrogatories were undisputed, and that it appeared from them that the respondent was guilty of the misconduct alleged. The Court thereupon granted the order adjudging the defendant guilty of a contempt, and imposed a fine of fifty dollars, the respondent to stand committed to the common jail of the county until paid.

The respondent's counsel moved to vacate, set aside, and annul the attachment issued on the 7th day of October, 1863, and all the proceedings subsequent thereto and founded thereon, on the ground, among others, that the affidavits upon which that attachment was granted were verified in the City of New York before a notary public appointed for, and residing in, the County of Kings, and therefore did not constitute legal evidence of the allegations therein contained. It was also moved that the order of HILTON, J., dated November 19, 1863, and the warrant of commitment issued under it, be vacated and set aside on the ground, among others, that the previous proceedings being irregular, the judge was without jurisdiction, and that the respondent should have been allowed to read additional affidavits on the motion in support of respondent's answers to the inter-

rogatories filed, purging him of a criminal contempt and contradicting the statements in the relator's papers upon which the attachment was granted.

The motion came on before CARDOZO, J., and an order was entered vacating the order of November 19th, 1863, and all subsequent proceedings, including the warrant or precept for commitment. The following opinion was rendered :

CARDOZO, J.—I have very carefully considered the motion in this matter, and have come to the conclusion that I ought not, from motives of delicacy, to hesitate to interfere where the liberty of the citizen is concerned.

I do not doubt that if the judge who granted the motion to commit were yet on the bench, it would be perfectly proper to apply to him at Special Term to correct any inadvertence into which he might have fallen.

I have myself made similar motions when at the bar, and I think it is clear that it is the right of counsel (notwithstanding a remedy by appeal may exist) to apply to the judge, and that it is the duty of the judge, when convinced of having been in error, especially in proceedings of this description, to correct that error on motion at Special Term.

It is not unlike motions which are constantly made, in the General Term and in the Court of Appeals, for reargument on the ground of some mistake of law or fact in the decision of the Court ; and I see no reason why, in a proper case, similar motions may not be made at Special Term.

Such motions should not be entertained as a general rule, but where the error complained of affects a man's liberty, he ought not to be compelled to remain in jail until his appeal can be heard and decided at General Term, if the speedier remedy by motion at Special Term is open to him.

The fact that the particular judge who committed the inadvertence is no longer a member of the Court cannot affect the right of the party prejudiced.

The *Court* remains the same, though its members may have changed.

I am led, on a careful examination of all the papers, to the belief that the judge refused to allow affidavits to be read by Mr. Murphy, in addition to the answers to the interrogatories

The People *ex rel.* Larocque v. Murphy.

propounded by him, under a misapprehension either of the law or the fact; and in either view I think relief must be granted.

I think the papers on this motion show very conclusively that the counsel for Mr. Murphy asked leave to read affidavits in addition to the answers; and that one point to which he stated those affidavits were addressed was to show an absence of any wilful disobedience of the injunction for the violation of which it was sought to punish the defendant.

If the judge refused 'to receive the affidavits because he supposed he had no power, he clearly erred, and had this motion been addressed to him, he could not have properly done otherwise than reconsider and correct his ruling. If he rejected them because the motion to punish was based alone upon the answers of the defendant to the interrogatories, and that, therefore, additional affidavits were, in his judgment, unnecessary, I think he only misapprehended the fact as to the papers which were before him on the motion; but, even if he were correct in supposing that the motion was made upon the answers exclusively, I think, in favor of the liberty of the citizen, he would, upon more mature reflection, and I ought now to, lay down a different rule.

Upon looking into the affidavits which were sought to be read by the defendant, I cannot say that the matters contained in them would not have influenced the mind of the judge upon the question whether a wilful contempt had been committed; and that when, in a proceeding of this description, where punishment for an act in the nature of a criminal offence is sought to be inflicted, the statute says the Court "*may*" receive affidavits; although the word "*may*" probably does not necessarily mean *must*, yet the exercise of a sound legal discretion requires that the affidavits should not be excluded, unless they are manifestly irrelevant to the question.

I think, therefore, that the affidavits ought to have been received, and that the proceeding being in this court, a motion to a judge at Special Term to reconsider the ruling is perfectly proper. Of course such motion should only be made before and entertained by the judge who originally made the order, unless, as in the present instance, he has ceased to be a member of the Court.

30

The People *ex rel.* Larocque v. Murphy.

The defendant having, in my judgment, been deprived of a full hearing on the question of his guilt, the order adjudging him guilty of contempt, and all subsequent proceedings, must be vacated and set aside. The relator can then, if he thinks proper, renew the motion to punish for contempt. Having come to this conclusion, I have not examined the other points raised by the defendant.

Neither party will have costs of this motion, and the defendant must stipulate not to bring any action for false imprisonment by reason of any irregularity in the proceedings to obtain the order or warrant of commitment.

From this order the relator appealed to the General Term. The respondent moved at Special Term to dismiss the appeal. The motion was denied, with the following opinion by

CARDOZO, J.—The proposition that a judge may decide whether an order made by himself be appealable or not, would, if sound, vest very great power in one man; a power liable to great abuse. I should be unwilling, except upon the plainest adjudications, to declare that so much responsibility belongs to any other judicial officer, or to arrogate such to myself.

Singular, however, as it may seem, there appears to be at least color of authority for it, so far as the practice of this court is concerned. It was so held in *Griswold* v. *Van Deusen* (2 E. D. Smith, 178), and I find, on reference to the minutes of the Court at Special Term, other instances where motions to dismiss appeals have been entertained and granted at Special Term. Opposed to this is what I have always supposed to be well settled practice, viz. : that the appellate tribunal is the judge of its own jurisdiction (*Barnum* v. *The Seneca County Bank*, 6 How. Pr. R., 82).

The cases, however, of dismissal by the Special Term appear all to have been of appeals from Justices' Courts, and I think this must be the distinction. When an appeal is taken from a Justice's Court, it is not to the General Term of the Court, but to the "Court of Common Pleas" (Code, § 352). The argument on the appeal is to be heard at General Term (§ 364), but the appeal itself is to the "Court of Common Pleas," and it may be that, in such cases, any branch of this Court might entertain the motion to dismiss.

The People *ex rel.* Larocque v. Murphy.

But here the appeal is to the General Term, and I think that alone has the power to decide upon the appealability of the order.

The present motion must be denied, but without costs; and the defendant's counsel may, if he desire, have an order to show cause, returnable at the General Term on Monday next, why the appeal should not be dismissed.

An order to show cause, returnable at the General Term, was thereupon entered. The motion to dismiss the appeal being denied by the General Term, the appeal was argued.

*William J. Seabury* and *Edwards Pierrepont*, for the appellant.

*George Owen* and *John Graham*, for respondent.

By THE COURT.—DALY, F. J.—When the misconduct is not committed in the presence of the Court, the statute requires due proof by affidavit of the facts charged. This is requisite to give the Court jurisdiction to act in the matter of a contempt alleged to have been committed out of its presence; and without this, a court has no authority to order a party to be arrested and brought before it, and to adjudge upon the matter of the alleged contempt. This was the law before the Revised Statutes were passed, and upon a principle as old as the reign of Edward III., that no man could be deprived of his liberty except upon due process of law, it was doubted in *North* v. *Wiggins* (Strange R., 1068) whether the Court of King's Bench had authority to order a man in the first instance to be arrested and brought before it to answer for a contempt, unless upon two affidavits; and in *Anon.* (3 Atk., 219), Lord HARDWICKE refused to do so; and as there was but one affidavit to prove that the contempt had been committed, he simply made an order that the offender show cause.

It was presumptively shown upon this motion, that the affidavits upon which Judge BRADY ordered the attachment to be issued were made before a person who had no authority to take the deposition, and the evidence offered to show this was not controverted or disproved upon this motion. The attachment was therefore issued without due proof by affidavit, and

was, together with the commitment founded upon it, entirely without authority. It may be said that sufficient appeared in the defendant's answers to the interrogatories, without resorting to the affidavits upon which the attachment was issued, to show that he had been guilty of a contempt. I doubt if his answers to the interrogatories make out a case of intentional disobedience to the order of the Court; or if they do, I doubt if that would help the matter. It is sufficient to say that he was arrested, brought before the Court, and compelled to answer interrogatories without any authority in law, and as the subsequent commitment necessarily relates back to, and includes, the facts and allegations which constituted the ground for his arrest in the first instance, the one cannot be severed from the other. The proceeding, in its inception, was void for the want of jurisdiction (*Demming* v. *Corwin*, 11 Wend., 647), and as the commitment was founded upon the proceeding, it was equally void.

The defect of the want of jurisdiction was available either before or after the commitment (*Borden* v. *Fitch*, 15 Johns., 141), and the remedy which the defendant resorted to was a proper one (*People* v. *Nevins*, 1 Hill, 159). If he had appealed from the order committing him to the General Term, his appeal would have been dismissed, for no appeal lies upon a commitment for a contempt, unless there was a want of jurisdiction (*Mitchell's Case*, 12 Abbott, 249), and that would not have appeared upon a review of the proceedings before Judge HILTON. He had no remedy by *habeas corpus*, for the warrant of commitment was regular upon its face, as it was in a matter of which the Court had general jurisdiction, and an officer upon *habeas corpus* could not go beyond that, but would be bound to presume, the Court being a court of record, that it had acquired jurisdiction of the defendant's person (*The People* v. *Nevins*, 1 Hill, 154; *Foot* v. *Stevens*, 17 Wend., 483; *Van Alstyn* v. *Erwin*, 1 Kern., 331; *Skinnion* v. *Kelly*, 18 N. Y., 356). The proper remedy, then, the commitment being void, or rather voidable, was to move the Court, by which it was granted upon affidavits disclosing the facts which showed *aliunde* that the whole proceeding was void, for an order vacating it and discharging the defendant (*The People* v. *Nevins*, 1 Hill, 159).

---

Baker v. Connell.

---

If the fact disclosed upon this motion had been presented to Judge HILTON, he would have been bound to dismiss the proceeding. Very possibly it was not known while the proceedings were pending before him, but it was available at any time, and the proper way to bring it to the knowledge of the Court was by a motion to vacate the order of commitment and all the proceedings upon which it was founded.

The order of Judge CARDOZO should therefore be affirmed.