Garnsey v. Knights.

---

GARNSEY, appellant, v. KNIGHTS *et al.*

*Appeal — when party making default need not have notice.*

In an action against R. and K., R. put in an answer and K. made default. Judgment was rendered making R. first liable and K. after him. R. appealed, not serving any notice of appeal on K., and the judgment as to R. was reversed and he released from liability. After the judgment of reversal plaintiff issued his execution against K. In a motion by K. to set aside the execution on the ground that he was, by the original judgment, not liable until after R. and was not bound by the appeal, not being made a party thereto, *held* (BOARDMAN, J., *contra*), that K. not having put in an answer, was not a party to the question of R.'s prior liability, and could not litigate it. He was not, in the sense of Code, § 325, a "party aggrieved," or in that of § 327 an "adverse party." He could not himself appeal, and was not a necessary party to an appeal upon the issue between R. and the plaintiff.

APPEAL by plaintiff from an order of the special term setting aside an execution against the defendant Daniel Knights. The facts appear in the opinions.

*Wm. T. Odell,* for appellant.

*C. A. Waldron,* for respondent.

PARKER, J. The question presented in this case is one not devoid of difficulty. In the view which I take of it, however, I have not been able to arrive at a conclusion in accordance with the opinion of my brother BOARDMAN, sustaining the decision and order of the special term.

The plaintiff in foreclosing his mortgages properly made Rogers and Knights parties, setting forth in his complaint the respective conveyances to them of the mortgaged premises, and their assumption respectively of the payment of the mortgages, and claimed that they should be adjudged to pay any deficiency which should arise upon the sale of the mortgaged premises, in the order of their respective liabilities.

Rogers answered, setting up that the conveyance to him was but a mortgage, and denying his personal liability; and Knights, after appearing in the action, omitted to answer and suffered judgment by default. The special term, after a trial of the issue upon Rogers' liability, held him liable, and in settling the order of liability made Rogers first liable and Knights next after him.

Rogers appealed from this judgment, so far as it declared him personally liable for the deficiency, and succeeded in reversing that part of it. In bringing his appeal he served notice thereof only on the clerk and the plaintiff, omitting to serve notice on Knights.

After the judgment as modified by the appellate court was perfected, the plaintiff issued his execution in accordance therewith to collect the deficiency.

Knights thereupon moved at special term to set aside the execution, on the ground that he was not liable by the original judgment until after Rogers, and that as he was not made a party to the appeal he was not bound by the modified judgment, and was still liable only after Rogers.

The special term set aside the execution, and from the order setting it aside the plaintiff appeals to the general term.

To the issue between the plaintiff and defendant Rogers, which was the only matter litigated, defendant Knights was not a party. He had not put himself in a position to mingle in that controversy. If at special term it had been held that Rogers was not personally liable, Knights, having suffered judgment by default, could not have appealed from the judgment, or any part of it. *Dorr* v. *Birge*, 8 Barb. 351; *Adams* v. *Oaks*, 20 Johns. 282; *Maltby* v. *Greene*, 1 Keyes, 548; *Murphy* v. *Am. Life Ins. and T. Co.*, 25 Wend. 249. As he stood upon the record he was not a party to that question. If he had desired to litigate that question with his co-defendant Rogers, as he might have done under section 274 of the Code, he should have made his claim of Rogers' liability and prior liability by putting in an answer to that effect.

I do not see, therefore, how it was necessary or proper for Rogers, in appealing from that part of the judgment, to make Knights a party to the appeal. True, he was incidentally interested in the question, whether Rogers was personally liable to the plaintiff, but he had not seen fit to set up any claim of interest in that question, but had contented himself with submitting to plaintiff's statement thereof in the complaint, and, consequently, to plaintiff's ability to maintain such statement against Rogers. In the litigation upon the question of Rogers' liability, Knights was not, in the sense of § 325 of the Code, a "party aggrieved," nor in the sense of § 327, an "adverse party;" as he could not himself appeal, he was not a necessary party to the appeal from that part of the judgment depending upon the issue between Rogers and the plaintiff. In all the cases cited, where it is held that the parties omitted in the appeal were *adverse* parties, on whom the notice of appeal should have been served, such parties were parties litigant in the suit. This was the case in *Cotes* v. *Carroll*, 28 How. Pr. 436, in which issues between the defendants not served with the notice of appeal and the plaintiffs, as well as between the defendants appealing and the plaintiffs were, tried at special term, and the principal questions litigated, were whether the defendants, not so served, were entitled to certain rents and interest which the defendants appealing denied, and these questions were decided in favor of the defendants not served with the notice of appeal.

They were, therefore, very clearly to the appellants adverse parties, and no appeal affecting the judgment in their favor could go on without them. So in *Hiscock* v. *Phelps*, 2 Lans. 106, which was a

foreclosure case, one question was whether Phelps' mortgage, which was, in time, subsequent to plaintiff's first mortgage, and prior to plaintiff's second mortgage, should be postponed to both of plaintiff's mortgages. Plaintiff, in the complaint, claimed it should be so postponed, which Phelps in his answer denied. The defendants, C. G. Kenyon, Mumford and J. S. Kenyon, who were interested in having both of plaintiff's mortgages paid before Phelps', instead of resting upon plaintiff's allegations in his complaint, put in their answer setting up facts, under which they also claimed that plaintiff's second mortgage should be preferred to Phelps' mortgage. The issues were tried before a referee, by whose report plaintiff's second mortgage was preferred to Phelps' mortgage, and judgment was entered accordingly. Phelps, on appealing, served his notice of appeal upon the clerk and plaintiff only, and it was held that his appeal was not well brought, and it was dismissed. Here, also, the defendants who, equally with the plaintiff, *had established the claims* set up in their answer, and which were awarded by the judgment, were, as to Phelps, adverse parties, without whom the appeal could not proceed. In *Thompson* v. *Ellsworth*, 1 Barb. Ch. 624, the co-defendants of Ellsworth had answered, and the subject of his appeal had been litigated by them. They were, therefore, adverse parties, to whom it was necessary in perfecting the appeal, that the appellant should give the required bond, and in *Potter* v. *Baker*, 4 Paige, 290, the parties were all litigants. Several of the cases cited by respondent's counsel are appeals from surrogate's courts, which are governed by rules applicable peculiarly to such appeals, and not to appeals in this court. I have found no case, except in appeals from surrogates, where it has been held, that a party sustained the relation to the appellant of an adverse party, unless he had been a party litigant — and, in surrogates' courts, all parties in interest are deemed parties to the litigation.

The remark of EARL, C., in *Kay* v. *Whitaker*, 44 N. Y. 576, is in accordance with the view above taken. He says, "it seems to me that defendants can have relief, against each other [under § 274 of the Code], only in a case in which they have appeared and *answered* in reference to the claim made against them by the plaintiff, and as a part of the adjustment of that claim, and that it must be based upon the facts involved in and brought out by the litigation and investigation of that claim. In such case, all the parties being before the court, and all having been heard and the facts being

properly before the court, the rights between plaintiffs and defendants, not only, but as between the parties on either side, can be adjusted."

In this case, the question between Rogers and Knights is one which might have been litigated, but as Knights failed to answer and make any claim on his own behalf, he must abide the adjustment which comes out of the litigation between the plaintiff and Rogers. He could not have been heard, at special term, upon the question of Rogers' liability; it follows that he could not appeal from the decision of the special term, and has no right to resist Rogers' claim on his appeal.

The modification of the judgment, produced by the appeal of Rogers, by which he was relieved of obligation in respect to the deficiency, is, therefore, one of which Knights cannot complain. The plaintiff is now entitled to proceed upon the judgment as modified, and the execution should not have been set aside.

The order appealed from should, therefore, be reversed, with $10 costs.

J. POTTER, J. I have examined with some care the points of counsel and their authorities, and also, the opinions of Justices PARKER and BOARDMAN upon the appeal, and Justice BOCKES' opinion upon granting the order appealed from, and am inclined to adopt the views of Justice PARKER in favor of a reversal.

I think the difference in the results reached is owing entirely to the effect of the fact that the respondent put in no answer to the action. That I regard as the radical defect in his case.

I think, under section 274 of the Code, that defendants who are all answerable to the plaintiff in respect to a matter should, in case there are equities as between themselves in regard to the same matter, answer and interplead with each other in regard to those equities, and that in default of so doing, they are subject to the same or similar consequences, as they are in default of an answer to the complaint.

The defendant Knights failed to put in an answer to the complaint in this action. He thereby admitted the allegations of the complaint.

And, failing to put in answer, he also admitted the allegations of Rogers' answer so far as those allegations affected the rights and equities between him and Rogers.

Plaintiff's allegation was, that Knights was secondarily liable for deficiency. By not answering, Knights admitted that allegation to be true.

Plaintiff further alleged that Rogers was primarily liable for deficiency.

Rogers denied this allegation and formed an issue with the plaintiff thereupon. *Roy* v. *Whittaker*, 44 N. Y. 576. Knights, by not answering, admited Rogers' allegation that he is not liable at all, and, of course, not primarily.

Knights, therefore, stands upon the record as having admitted these allegations so far as he is concerned, and is in no condition to contest either plaintiff's allegation that Knights is liable for deficiency, or Rogers' allegation that he is not liable at all for deficiency.

What relief Knights may have, if any, I am neither called upon nor prepared to suggest.

BOARDMAN, J. (dissenting.) The cases cited in the opinion of the learned justice at special term quite conclusively show that the practice in the appeal to the court of appeals by Rogers was irregular and unauthorized. Every party to an action or judgment, who can be affected by the decision of the appellate court, is entitled to notice of the appeal. If such notice is not given, such appeal may be dismissed upon the application of the party omitted or the respondent.

Under § 327 of the Code, the adverse party may be equally a co-defendant or co-plaintiff with the appellant, if their interests be or may become, in fact, adverse. *Hiscock* v. *Phelps*, 2 Lans. 106; *Cotes* v. *Carroll*, 28 How. 436; *S. C. in Court of Appeals*, 31 id. 146; *Thompson* v. *Ellsworth*, 1 Barb. Ch. 624; *Willcox* v. *Smith*, 26 Barb. 316; *Brown* v. *Evans*, 34 id. 594.

In this case the fact that Knights had no notice of appeal was overlooked or disregarded, and the judgment entered upon the report of the referee was modified to his serious prejudice.

The reasons for such modifications appear in the report of the case, 47 N. Y. 233. Knights was not a party to that appeal. Could he be affected or his rights prejudiced by the decisions of courts before which he had no opportunity to be heard? To recognize such a doctrine would seem very dangerous.

In very many equity cases the rights of parties are relative, and a change in the status of any one may affect others. A partial

appeal, or an appeal of which only a few of the parties are notified, might lead to the grossest injustice. Has an appellate court the right to adjudge even indirectly the equities of a person not before the court, though such person may be a party to the judgment? Is it not a jurisdictional defect?

The court passes only upon such questions as may be presented by the parties before it.

Such persons are acting for their own interests, and may be quite indifferent to the rights of other parties not brought before the court. Such absent parties are not parties to the new judgment. As in this case Knights was a party to the original judgment rendered on the referee's report. He was satisfied therewith. Under that judgment he could not have been made to pay any thing until an execution against Rogers was returned unsatisfied. Consequently he was a mere nominal party, for it was conceded upon the argument that Rogers was responsible. By this modification of that judgment Rogers is absolutely discharged, and Knights is made primarily responsible for the half of this deficiency of over $2,200.

It is a very serious charge, and, so far as appears, made without the knowledge or suspicion of Knights, certainly without such notice as the law requires.

If Knights could have been heard upon the appeal he might have satisfied the court that the judgment was right, or at least that a new trial should have been granted upon which Rogers' liability could have been contested by other or further evidence.

It was urged upon the argument by plaintiff that the report of the sale having been confirmed upon notice to Knights, and he not having appealed therefrom, is concluded thereby.

The argument is specious, but unfounded.

The rights of the parties are controlled by the judgment, and not by the referee's report or the order confirming it. The confirmation of the report does not give the right to issue execution. It does fix and determine the amount of the deficiency. An appeal from that order could bring up no other questions than the regularity of the sale, the disposition of the proceeds and the amount of deficiency.

As no question arises in those respects there was nothing from which to appeal, although the whole order was objected to by Knights.

Again, it is insisted that the judgment, as modified by the appellate court, should be the guide of this court in adjudicating upon

this order. But that is begging the whole question. If Knights was not a party to that judgment, he should not be bound by it.

As he was a party to the first judgment, he is bound by it, and he has the right to the indemnity provided thereby. Such rights, I apprehend, can only be got rid of by an appeal to which he is a party, either as appellant or respondent.

Knights may have no right to litigate with Rogers questions arising between themselves. But he has a perfect right to litigate and have determined the equities of all the defendants touching the order in which they shall be called upon to pay deficiencies. Code, § 274; *Kay* v. *Whittaker*, 44 N. Y. 565.

So much may be said in support of the order appealed from. The learned judge, at special term, suggests the embarrassments to which the plaintiff may be subjected by this order.

They cannot readily be overlooked. It is not, however, for us to suggest a remedy.

It is the theory of the law that there is a remedy for every wrong, a proper mode of enforcement of every right. The plaintiff clearly had rights against the defendant; which, in equity, ought to be preserved.

It is to be hoped they may be enforced by some adequate proceeding. It is not, however, deemed safe to allow it to be done in the manner proposed in this case.

*Order reversed.*