BESSIE MORRISON *v.* JAMES MORRISON, Appellant, and ALEXANDER MORRISON and ELLEN MORRISON, Respondents.

*Notice to limit appeal under Code, § 332 — limits appeals by one defendant against his co-defendant.*

In this action, brought by a judgment-creditor of one defendant to set aside as fraudulent a conveyance made by him to another defendant, the plaintiff recovered a judgment, which was entered and notice thereof served, under section 332 of the Code, upon the attorney who had appeared in the action for all the defendants.

*Held,* that the service of the notice limited the time to appeal, not only as against the plaintiff, but also as to an appeal by one defendant as against his co-defendant.

APPEAL from a judgment, entered upon the report of a referee.

*W. H. Whiting,* for the appellant.

*P. M. Crandall,* for the respondents.

Talcott, P. J. :

This is an appeal by James Morrison, one of the defendants, from so much of the judgment in this case, as orders the surplus, if any, after payment of a judgment in favor of the plaintiff, and the costs, etc., of this action out of the proceeds of the sale of certain real estate situate on Graham street in the city of Rochester, to be paid to Alexander Morrison, another of the defendants.

The action was a creditor's suit, commenced in August, 1872, by the plaintiff Bessie Morrison, who had recovered a judgment against the defendant James Morrison, in the Supreme Court, for the sum of $404.32 damages and costs, and upon which an execution was returned unsatisfied by the sheriff of Monroe county, upon a cause of action which originated prior to the time when a certain conveyance of real estate on Rowe street, in the city of Rochester, was made by the said James Morrison, to his son Alexander Morrison, without other than a parol agreement, whereby the said Alexander agreed to pay to the said James and wife, for their support during their lives and the life of the survivor, the weekly sum of five dollars per week.

The action was referred to the late Hon. SAMUEL L. SELDEN, before whom the same was tried, and he reported that the said conveyance was fraudulent, as intended to hinder, delay and defraud creditors of the said James Morrison; but it appeared that soon after the conveyance of the Rowe street property to Alexander Morrison in pursuance of the fraudulent agreement between himself and James Morrison, Alexander Morrison conveyed the said Rowe street property to Mary Ray, and she, in consideration of the conveyance of the Rowe street property, together with her husband and one John Kline, in pursuance of the agreement between James and Alexander Morrison, conveyed a certain house and lot situated on Graham street, in Rochester, to James Morrison and wife, for the term of their natural lives, with remainder to the said Alexander Morrison, in fee. And Alexander Morrison further to secure the performance of the agreement to pay the said five dollars per week for the support of the said James and Bridget his wife, executed with Ellen, the wife of the said Alexander, a mortgage for the nominal sum of $2,000, but specifically conditioned for the support, as aforesaid, of the said James and Bridget Morrison.

The referee found the conveyance of the Rowe street property to be fraudulent as against the plaintiff, and that she had an equitable lien for the payment of her judgment debt against the Graham street property, which had been conveyed to said James and Bridget for life, with remainder to Alexander in fee, in consideration of his conveyance of the Rowe street property to Mary Ray, and the referee directed that the plaintiff should be at liberty to apply to the court for the appointment of a receiver, whose duty it should be to sell the Graham street property at public auction, and out of the proceeds to pay, first, the expenses attending the receivership, sale, etc.; and, second, the amount due to the plaintiff on her said judgment, and the judgment for costs in this case; and, third, the residue, if any, to the defendant Alexander Morrison, and a judgment was entered in accordance with the said report on the 14th day of July, 1873. The appeal of the defendant James Morrison is brought from so much of the judgment as directs the payment of the surplus, if any, to Alexander Morrison.

The receiver was appointed and the property was sold, the plaintiff paid in full out of the proceeds, and a surplus was left in the hands of the receiver of upwards of $800.

This appeal was brought by James Morrison on the 28th day of June, 1877. At the last January Term of this court, the attorney for the defendants, Alexander and Ellen Morrison, made a motion to dismiss the said appeal, upon the ground that the time for appealing had expired before the said appeal was brought.

The judgment, from a portion of which the appeal is brought, it will be perceived, was entered on the 14th day of July, 1873. The motion to dismiss the appeal was by this court at the last January Term ordered to stand over and be heard at the same time with the appeal itself, and at the last October Term, the said appeal of James Morrison from that portion of the judgment appealed from by him, and the motion to dismiss the said appeal, were submitted by the counsel for the respective parties.

The defendants originally appeared by the same attorney, but the appeal is brought by the said James Morrison by a new attorney.

It appears, and is conceded, that, on the 14th day of July, 1873, the plaintiff's attorney, for the purpose of limiting the time to appeal, under the 332d section of the Code of Procedure, served notice of the judgment upon the attorney for all the defendants. The said section 332 provides that "the appeal allowed by the fourth chapter of this title must be taken within thirty days after written notice of the judgment or order shall have been given to the party appealing." It is to be observed that there is a marked difference between the language here used and that used in section 327, which provides for a notice of appeal. In the latter section, it is provided that an appeal must be made by the service of a notice in writing on the adverse party, etc., and under that section it has been held in several cases that a notice of appeal must be given to the party who is interested in sustaining the judgment, or such part thereof as is appealed from. Such are the cases cited by the counsel for the appellant on his points made in opposition to the motion to dismiss the appeal (*Cotes* v. *Carroll*, 28 How. Pr., 446; *Hiscock* v. *Phelps*, 2 Lans., 106, and *Thompson* v. *Ellsworth*, 1 Barb. Ch. Rep., 624), in which it was held, in substance and effect, that the *adverse party*, within the meaning of the stat-

ute, was the party whose interest in relation to the subject of the appeal is in conflict with the reversal of the order or judgment appealed from; and, as applicable to the case at bar, the *notice of appeal*, to be effectual, must be given to Alexander Morrison.

The requisition of a written notice of the judgment, in order to limit the time within which it may be appealed from is a feature of the Code of Procedure, which, except as to interlocutory orders and decrees of chancery, introduces a new practice. Before the Code, a writ of error must have been brought within two years *after the rendering of the judgment*, and an appeal from a *final decree* of the Court of Chancery must have been brought within the same time (2 R. S., 594, § 21; 2 id., 605, § 78), and appeals from other orders of the Court of Chancery within fifteen days "after notice thereof shall have been given to the party against whom such order or decree shall be made or to his solicitor." (2 R. S., 605, § 79.) It appears, therefore, that in cases where, before the Code, the time for appealing was limited by a notice, there was no provision that the notice must proceed from the adverse party; but it was sufficient if the notice was given to the party against whom the order or decree was made. The same regulation, in substance, was adopted by the Code of Procedure in regard to the limitation of the time to appeal under the 332d section, and the marked difference between the phraseology of section 327 of the Code and section 332 can scarcely be deemed to have been accidental, but seems to have had a purpose. This purpose was, as it seems to us, only to secure a notification to the party against whom a judgment has been rendered or appealable order made, of the fact that such judgment has been rendered or order made, in order that parties may not be surprised in cases where so short a time is allowed within which to appeal.

In other cases, where a writ of error or appeal might be brought within two years after the rendering of the judgment, this provision was continued by the Code of Procedure as to final judgment, with the addition that the judgment must be perfected by *filing the judgment-roll*. (Code of Procedure, § 331.) This provision as to an appeal to the Court of Appeals is continued in the Code of Civil Procedure, except that the time to appeal from

a final judgment is thereby reduced to one year after final judgment. (Code of Civil Procedure, § 1325.) In several cases the question has been raised, as to whether an appeal from an order was in time, and it has been always held that when the time was limited by statute, the court had no jurisdiction to entertain the appeal after the statutory limitation had expired.

The contention of the appellant's counsel is, that notice of the judgment should have been given in behalf of Alexander Morrison to James Morrison, in order to limit the time within which James might appeal from the judgment. No authority is referred to sustaining this position, and after diligent search none has been discovered by the court; and from the difference in the phraseology of the two sections of the Code of Procedure referred to (§§ 327 and 332) we think the proposition of the appellant's counsel cannot be sustained. If the appeal was from a final judgment of the General Term to the Court of Appeals it could not, as we have seen, have been brought at the time when it was, in consequence of the expiration of two years after the entry of judgment. The intention of the Legislature was to limit the time within which an appeal might be brought to the General Term to a shorter period of time, where there has been notice given of the judgment, such as that the party appealing has been apprised of the fact that a judgment has been entered against him in the action; and we think a notice from the plaintiff's attorney to the attorney for the defendant appealing is all that the Code requires. The defendant is by such notice called upon to ascertain whether any portion of the judgment is erroneous, and is bound to appeal within the time prescribed by the statute, if at all. Our conclusion, therefore, is, that the motion made on behalf of the respondent, Alexander Morrison and wife, to dismiss the appeal of James Morrison, must prevail.

The fact that a motion was made at a Special Term to dismiss this same appeal, and there denied, is no bar to the motion now made here. The Special Term had no authority to dismiss an appeal to this court. (*Barnum* v. *Seneca County Bank*, 6 How. Pr., 82; *Harris* v. *Clark*, 10 How., 415; *People ex rel Larocque* v. *Murphy*, 1 Daly, 462.)

It is to be presumed that the Special Term denied the motion on this ground.

The appeal should be dismissed, without costs to either party.

SMITH and HARDIN, JJ., concurred.

Appeal of James Morrison dismissed, without costs to either party.